**APPEAL**

# U.S. Bankruptcy Court
## Eastern District of New York (Central Islip)
## Adversary Proceeding #: 8−20−08051−ast

*Assigned to:* Judge Alan S. Trust                     *Date Filed:* 03/14/20
*Lead BK Case:* 18−71748
*Lead BK Title:* Orion Healthcorp, Inc.
*Lead BK Chapter:* 11
*Demand:* $5000000
  *Nature[s] of Suit:*   13 Recovery of money/property − 548 fraudulent transfer


**Plaintiff**
−−−−−−−−−−−−−−−−−−−−−−−−
**Howard M. Ehrenberg,** *in his capacity*        represented by **Jeffrey P Nolan**
*as Liquidating Trustee of Orion*                 Pachulski Stang Ziehl & Jones LLP
*Healthcorp, Inc., et al*                         780 Third Avenue
                                                  34th Floor
                                                  New York, NY 10017
                                                  310−772−2313
                                                  Fax : 310−201−0760
                                                  Email: jnolan@pszjlaw.com
                                                  *LEAD ATTORNEY*

                                                  **Ilan D Scharf**
                                                  Pachulski Stang Ziehl & Jones LLP
                                                  780 Third Avenue
                                                  36th Floor
                                                  New York, NY 10017
                                                  (212) 561−7721
                                                  Fax : (212) 561−7777
                                                  Email: ischarf@pszyjw.com


V.

**Defendant**
−−−−−−−−−−−−−−−−−−−−−−−−
**Elena Sartison**                                represented by **Albert Y. Dayan**
                                                  80−02 Kew Gardens Road
                                                  Suite 902
                                                  Kew Gardens, NY 11415
                                                  (718) 268−9400
                                                  Email: dayanlaw@aol.com
                                                  *LEAD ATTORNEY*

                                                  **Albert Yukhanan Dayan**
                                                  Dayan Law Firm, PLLC.
                                                  80−02 Kew Gardens Rd.
                                                  Suite 902
                                                  Kew Gardens, NY 11415
                                                  718−268−9400
                                                  Fax : 718−268−9404

1

Email: dayanlaw@aol.com

**Defendant**
────────────────────────
**2 River Terrace Apartment 12J, LLC**       represented by **Maryam N Hadden**
Parlatore Law Group
One World Trade Center, Suite 8500
New York, NY 10007
646−846−6382
Fax : 212−409−8972
Email: maryam.hadden@parlatorelawgroup.com

**Charles E Simpson**
Windels Marx Lane & Mittendorf
156 West 56th Street
New York, NY 10019
(212) 237−1000
Fax : (212) 262−1215
Email: csimpson@windelsmarx.com

**Defendant**
────────────────────────
**Clodagh Bowyer Greene a/k/a Clodagh**       represented by **J Ted Donovan**
**Bowyer**
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway
22nd Floor
New York, NY 10036
(212)−301−6943
Fax : (212)−422−6836
Email: Tdonovan@gwfglaw.com

**Defendant**
────────────────────────
**Elliott Greene**                            represented by **J Ted Donovan**
(See above for address)

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 03/01/2021 | | 64 | Judgment Granting Plaintiffs Motion For Summary Judgment in part as against Defendant 2 River Terrace Apartment 12J, LLC. The Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendants Opposition (Dkt. No. 56) is granted in all respects as stated on the record. (Related Doc # 42) Signed on 3/1/2021. (sld) (Entered: 03/01/2021) |
| 03/08/2021 | | 69 | Notice of Appeal to District Court. *Appeal of Order Granting Partial Summary Judgment*. Fee Amount $298 Filed by Maryam N Hadden on behalf of 2 River Terrace Apartment 12J, LLC (RE: related document(s)64 Order on Motion For Summary Judgment). Appellant Designation due by 03/22/2021. Transmission of Designation to District Court Due by 04/7/2021. (Attachments: # 1 Civil Cover Sheet # 2 Order Appealed from)(Hadden, Maryam) (Entered: 03/08/2021) |
| 03/08/2021 | | | Receipt of Notice of Appeal( 8−20−08051−ast) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A19951260. Fee amount 298.00. (re: Doc# 69) (U.S. Treasury) (Entered: 03/08/2021) |

| 03/08/2021 | | 70 | Court's Service List (RE: related document(s)69 Notice of Appeal filed by Defendant 2 River Terrace Apartment 12J, LLC) (sld) (Entered: 03/08/2021) |
| 03/08/2021 | | 71 | Notice to Parties of requirements, deadlines(RE: related document(s)69 Notice of Appeal filed by Defendant 2 River Terrace Apartment 12J, LLC) (sld) (Entered: 03/08/2021) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------ :
In re:                                    :    Chapter 11
                                          :
ORION HEALTHCORP, INC[1].                 :    Case No. 18-71748 (AST)
                                          :
       Debtors.                :    (Jointly Administered)
------------------------------------------ :
                                          :
HOWARD M. EHRENBERG IN HIS                :
CAPACITY AS LIQUIDATING TRUSTEE OF        :    Adv. Pro. No. 20-08051 (AST)
ORION HEALTHCORP, INC., ET AL.,           :
                                          :
       Plaintiff,             :
                                          :
v.                                        :
                                          :
ELENA SARTISON; 2 RIVER TERRACE           :
APARTMENT 12J, LLC; CLODAGH BOWYER        :
GREENE A/K/A CLODAGH BOWYER;              :
ELLIOTT GREENE,                           :
                                          :
       Defendants,
------------------------------------------

**JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC**

The Court, having considered the *Motion for Summary Judgment, or In the Alternative,*

*Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff,

Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*.,

(the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44);  the *Affidavit of Daniel Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC*  (Dkt. No. 45); the *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51);  the Reply Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the *Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or in the Alternative, Summary Adjudication*  (Docket No. 53); the *Second Affidavit of Daniel Jones in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21, 2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the

relief requested in the Motion to the extent granted herein, and that no genuine issues of material fact exist which preclude entry of any of the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor as stated in the record at the Hearing to Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the record.

2.      The Motion is granted with respect to the Plaintiff's Fourth Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and  §273-a,  as against Defendant 2 River Terrace Apartment 12J, LLC, as the transfers of the funds as described in the Motion which were used to purchase the real property located at 2 River Terrace, condominium unit, located in, New York, NY (the "**Condominium Unit**") and the  transfer of legal title to the Condominium Unit to Defendant 2 River Terrace Apartment 12J, LLC ("2 River Terrace"), were not made in good faith or for fair consideration to the Debtor Constellation Healthcare Technologies, Inc. ("CHT"), were made at the time that the transferor was insolvent or was thereby rendered insolvent, and were made at a time that the transferor was a judgment debtor on an unsatisfied judgment, all as stated in detail on the record of the Ruling Hearing.

3.      The Motion is granted with respect to the Plaintiff's Sixth Cause of Action for Recovery of Legal and Equitable Title to the Condominium Unit from the Defendant to the Plaintiff as Defendant 2 River Terrace is the initial transferee of an avoided transfer as stated in detail on the record.

4.      The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with the Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5.      It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace was acquired with funds of the Debtor CHT, and: (a)  is property of the Debtors' estates, (b)  the  Deed conveyed to the Defendant is avoided and the Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, is vested in the Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court;

6.      Defendant 2 River Terrace, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Condominium Unit, including all associated keys, and entrance

cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones

LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the

entry of this Order;

       7.    The Motion is denied without prejudice with respect to the Plaintiff's

Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and

N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in detail on

the record.

       8.    Plaintiff's request for the award of attorney's fees and a monetary award

as set forth in the Motion is denied, without prejudice, as stated in detail on the record.

       9.    The Bankruptcy Court retains jurisdiction to implement and enforce this

Order.



**Dated: March 1, 2021**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): _____ 2 River Terrace Apartment 12J, LLC ____

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

❏ Plaintiff
☑ Defendant
❏ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

❏ Debtor
❏ Creditor
❏ Trustee
❏ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _Summary Judgment in Part_____

2. State the date on which the judgment, order, or decree was entered: _March 1, 2021_____

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Howard M. Ehrenberg
   in his capacity as Liquidating
   Trustee of Orion Healthcorp, Inc. et al

   Attorney: Ilan D. Scharf
   Pachulski Stang Ziehl & Jones, LLP
   780 Third Avenue, 34th Floor
   New York, NY 10017
   (212)561-7700
   ischarf@pszjlaw.com

   Jeffrey P. Nolan
   Pachulski Stang Ziehl & Jones, LLP
   10100 Santa Monica Boulevard,
   13th Floor
   Los Angeles, CA 90067
   (310)277-6910
   jnolan@pszjlaw.com

2. Party: Elliott Greene

Attorney: J. Ted Donovan
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway
New York, NY 10036
(212)221-5700
Tdonovan@gwfglaw.com

3. Party: Clodagh Bowyer
   a/k/a Clodagh Bowyer
   Greene

Attorney: J. Ted Donovan
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway
New York, NY 10036
(212)221-5700
Tdonovan@gwfglaw.com

4. Party: Elena Sartison

Attorney: Albert Y. Dayan
80-02 Kew Gardens Road, Suite 902
Kew Gardens, NY 11415
(718)268-9400
dayanlaw@aol.com

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than bythe Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: March 4, 2021

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

> Maryam N. Hadden, Esq.
> Parlatore Law Group, LLP
> One World Trade Center, Suite 8500
> New York, NY 10007
> (646)846-6382
> Maryam.hadden@parlatorelawgroup.com

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

JS 44C/EDNY (Rev 3/9/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
2 River Terrace Apartment 12J, LLC

## DEFENDANTS
Ehrenberg, Howard M.

in his capacity as Liquidating Trustee of Orion Healthcorp Inc., et al

**(b)** Attorneys *(Firm Name, Address, and Telephone Number)*
Maryam N. Hadden
Parlatore Law Group LLP
One World Trade Center, Ste 8500, NY, NY 10007 (646)846-6382

Attorneys *(If Known)*
Ilan Scharf and Jeffrey Nolan, Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017 (212)561-7700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)

**28 U.S.C. Sec. 158**    Appeal of summary judgment ordered in bankruptcy adversary proceeding

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District (specify) | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | PERSONAL PROPERTY | | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | LABOR | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 720 Labor/Management | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | Leave Act | FEDERAL TAX SUITS | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | Income Security Act | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | IMMIGRATION | | State Statutes |
| | Employment | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE **Alan S. Trust**    DOCKET NUMBER **20-08051**

DATE
March 4, 2021

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a)
provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or
because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to
the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the
civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the
power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending
before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?
     ☐  Yes     ☑  No

2.)  If you answered "no" above:
     a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk
     County?     ☐  Yes     ☑  No

     b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?
             ☐  Yes     ☑  No

     c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:
     _____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau
or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in
Nassau or Suffolk County?     ☐  Yes     ☑  No
     *(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

           ☑        Yes                            ☐        No

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

           ☐        Yes  *(If yes, please explain)*     ☑        No

I certify the accuracy of all information provided above.
Signature: /s/ Maryam N. Hadden

JS 44C/EDNY Reverse (Rev. 03/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.

    a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below. United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box, Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

V.    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------ :
In re:                                     :   Chapter 11
                                           :
ORION HEALTHCORP, INC[1].                  :   Case No. 18-71748 (AST)
                                           :
            Debtors.                       :   (Jointly Administered)
------------------------------------------ :
                                           :
HOWARD M. EHRENBERG IN HIS                 :
CAPACITY AS LIQUIDATING TRUSTEE OF         :   Adv. Pro. No. 20-08051 (AST)
ORION HEALTHCORP, INC., ET AL.,            :
                                           :
                     Plaintiff,            :
                                           :
v.                                         :
                                           :
ELENA SARTISON; 2 RIVER TERRACE            :
APARTMENT 12J, LLC; CLODAGH BOWYER         :
GREENE A/K/A CLODAGH BOWYER;               :
ELLIOTT GREENE,                            :
                                           :
                     Defendants,           :
------------------------------------------ :

### JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC

The Court, having considered the *Motion for Summary Judgment, or In the Alternative,*

*Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff,

Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*.,

(the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44);  the *Affidavit of Daniel Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC*  (Dkt. No. 45); the *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51);  the Reply Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the *Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or in the Alternative, Summary Adjudication*  (Docket No. 53); the *Second Affidavit of Daniel Jones in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21, 2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the

relief requested in the Motion to the extent granted herein, and that no genuine issues of material

fact exist which preclude entry of any of the relief granted herein; and after due deliberation

thereon; and good and sufficient cause appearing therefor as stated in the record at the Hearing to

Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in
Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the
record.

2.      The Motion is granted with respect to the Plaintiff's Fourth Cause of
Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor
and Creditor Law §§272-275, and  §273-a,  as against Defendant 2 River Terrace Apartment 12J,
LLC, as the transfers of the funds as described in the Motion which were used to purchase the
real property located at 2 River Terrace, condominium unit, located in, New York, NY (the
"**Condominium Unit**") and the  transfer of legal title to the Condominium Unit to Defendant 2
River Terrace Apartment 12J, LLC ("2 River Terrace"), were not made in good faith or for fair
consideration to the Debtor Constellation Healthcare Technologies, Inc. ("CHT"), were made at
the time that the transferor was insolvent or was thereby rendered insolvent, and were made at a
time that the transferor was a judgment debtor on an unsatisfied judgment, all as stated in detail
on the record of the Ruling Hearing.

3.      The Motion is granted with respect to the Plaintiff's Sixth Cause of Action
for Recovery of Legal and Equitable Title to the Condominium Unit from the Defendant to the
Plaintiff as Defendant 2 River Terrace is the initial transferee of an avoided transfer as stated in
detail on the record.

4.      The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with the Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5.      It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace was acquired with funds of the Debtor CHT, and: (a)  is property of the Debtors' estates, (b)  the  Deed conveyed to the Defendant is avoided and the Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, is vested in the Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court;

6.      Defendant 2 River Terrace, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Condominium Unit, including all associated keys, and entrance

cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the entry of this Order;

7.     The Motion is denied without prejudice with respect to the Plaintiff's Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in detail on the record.

8.     Plaintiff's request for the award of attorney's fees and a monetary award as set forth in the Motion is denied, without prejudice, as stated in detail on the record.

9.     The Bankruptcy Court retains jurisdiction to implement and enforce this Order.



Dated: March 1, 2021
       Central Islip, New York

_____
       Alan S. Trust
Chief United States Bankruptcy Judge

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):_____2 River Terrace Apartment 12J, LLC____

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

❑ Plaintiff
☑ Defendant
❑ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

❑ Debtor
❑ Creditor
❑ Trustee
❑ Other (describe) _____

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _Summary Judgment in Part____

2. State the date on which the judgment, order, or decree was entered: _March 1, 2021_____

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Howard M. Ehrenberg
   in his capacity as Liquidating
   Trustee of Orion Healthcorp, Inc. et al

   Attorney: Ilan D. Scharf
   Pachulski Stang Ziehl & Jones, LLP
   780 Third Avenue, 34th Floor
   New York, NY 10017
   (212)561-7700
   ischarf@pszjlaw.com

   Jeffrey P. Nolan
   Pachulski Stang Ziehl & Jones, LLP
   10100 Santa Monica Boulevard,
   13th Floor
   Los Angeles, CA 90067
   (310)277-6910
   jnolan@pszjlaw.com

2.  Party: Elliott Greene

Attorney: J. Ted Donovan
     Goldberg Weprin Finkel Goldstein LLP
     1501 Broadway
     New York, NY  10036
     (212)221-5700
     Tdonovan@gwfglaw.com

3.  Party: Clodagh Bowyer
    a/k/a Clodagh Bowyer
    Greene

Attorney: J. Ted Donovan
     Goldberg Weprin Finkel Goldstein LLP
     1501 Broadway
     New York, NY  10036
     (212)221-5700
     Tdonovan@gwfglaw.com

4.  Party: Elena Sartison

Attorney: Albert Y. Dayan
     80-02 Kew Gardens Road, Suite 902
     Kew Gardens, NY  11415
     (718)268-9400
     dayanlaw@aol.com

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than bythe Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: March 4, 2021

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Maryam N. Hadden, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, NY 10007
(646)846-6382
Maryam.hadden@parlatorelawgroup.com

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

JS 44C/EDNY (Rev 3/9/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
2 River Terrace Apartment 12J, LLC

## DEFENDANTS
Ehrenberg, Howard M.

in his capacity as Liquidating Trustee of Orion Healthcorp Inc., et al

**(b)** Attorneys *(Firm Name, Address, and Telephone Number)*
Maryam N. Hadden
Parlatore Law Group LLP
One World Trade Center, Ste 8500, NY, NY 10007 (646)846-6382

Attorneys *(If Known)*
Ilan Scharf and Jeffrey Nolan, Pachulski Stang Zeihl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017 (212)561-7700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE) (DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)

**28 U.S.C. Sec. 158    Appeal of summary judgment ordered in bankruptcy adversary proceeding**

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [x] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & | [ ] 367 Health Care/ Pharmaceutical | | PROPERTY RIGHTS | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | SOCIAL SECURITY | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | Habeas Corpus: | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | IMMIGRATION | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | Other: | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.C.v.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE **Alan S. Trust**
DOCKET NUMBER **20-08051**

DATE
**March 4, 2021**

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a)
provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or
because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to
the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the
civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the
power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending
before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?
       ☐  Yes       ☑  No

2.)    If you answered "no" above:
       a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk
       County?       ☐  Yes    ☑  No

       b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?
                     ☐  Yes    ☑  No

       c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:
       _____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau
or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in
Nassau or Suffolk County?       ☐  Yes    ☑  No
       (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

              ☑        Yes                               ☐        No

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

              ☐        Yes   (If yes, please explain)    ☑        No

I certify the accuracy of all information provided above.
Signature: /s/ Maryam N. Hadden

JS 44C/EDNY Reverse (Rev. 03/18)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
## Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.

    a)    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    b)    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    c)    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below. United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

V.    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| ORION HEALTHCORP, INC[1]. | : Case No. 18-71748 (AST) |
|  | : |
| Debtors. | : (Jointly Administered) |

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

|  |  |
|---|---|
| HOWARD M. EHRENBERG IN HIS | : |
| CAPACITY AS LIQUIDATING TRUSTEE OF | : Adv. Pro. No. 20-08051 (AST) |
| ORION HEALTHCORP, INC., ET AL., | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| ELENA SARTISON; 2 RIVER TERRACE | : |
| APARTMENT 12J, LLC; CLODAGH BOWYER | : |
| GREENE A/K/A CLODAGH BOWYER; | : |
| ELLIOTT GREENE, | : |
|  | : |
| Defendants, | : |

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC**

The Court, having considered the *Motion for Summary Judgment, or In the Alternative,*

*Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff,

Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*.,

(the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P.*
*Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication*
*Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44);  the *Affidavit of Daniel*
*Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication*
*Against Defendant 2 River Terrace Apartment 12J, LLC*  (Dkt. No. 45); the *Request for Judicial*
*Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary*
*Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River*
*Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or*
*Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of*
*Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51);  the Reply
Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary
Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the
*Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or*
*in the Alternative, Summary Adjudication*  (Docket No. 53); the *Second Affidavit of Daniel Jones*
*in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary*
*Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint*
*Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's*
*Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the
*Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's*
*Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21,
2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the
Hearing; and the Court having determined that the legal and factual bases set forth in the Motion
and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the

relief requested in the Motion to the extent granted herein, and that no genuine issues of material fact exist which preclude entry of any of the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor as stated in the record at the Hearing to Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the record.

2.      The Motion is granted with respect to the Plaintiff's Fourth Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and  §273-a,  as against Defendant 2 River Terrace Apartment 12J, LLC, as the transfers of the funds as described in the Motion which were used to purchase the real property located at 2 River Terrace, condominium unit, located in, New York, NY (the "**Condominium Unit**") and the  transfer of legal title to the Condominium Unit to Defendant 2 River Terrace Apartment 12J, LLC ("2 River Terrace"), were not made in good faith or for fair consideration to the Debtor Constellation Healthcare Technologies, Inc. ("CHT"), were made at the time that the transferor was insolvent or was thereby rendered insolvent, and were made at a time that the transferor was a judgment debtor on an unsatisfied judgment, all as stated in detail on the record of the Ruling Hearing.

3.      The Motion is granted with respect to the Plaintiff's Sixth Cause of Action for Recovery of Legal and Equitable Title to the Condominium Unit from the Defendant to the Plaintiff as Defendant 2 River Terrace is the initial transferee of an avoided transfer as stated in detail on the record.

4.      The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with the Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5.      It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace was acquired with funds of the Debtor CHT, and: (a)  is property of the Debtors' estates, (b)  the  Deed conveyed to the Defendant is avoided and the Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, is vested in the Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court;

6.      Defendant 2 River Terrace, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Condominium Unit, including all associated keys, and entrance

cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the entry of this Order;

7.    The Motion is denied without prejudice with respect to the Plaintiff's Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in detail on the record.

8.    Plaintiff's request for the award of attorney's fees and a monetary award as set forth in the Motion is denied, without prejudice, as stated in detail on the record.

9.    The Bankruptcy Court retains jurisdiction to implement and enforce this Order.



**Dated: March 1, 2021**
    **Central Islip, New York**

                    **Alan S. Trust**
          **Chief United States Bankruptcy Judge**

# Notice Recipients

District/Off: 0207−8              User: admin                    Date Created: 3/8/2021

Case: 8−20−08051−ast           Form ID: pdf000                Total: 4

**Recipients of Notice of Electronic Filing:**
aty        Ilan D Scharf          ischarf@pszyjw.com
aty        Jeffrey P Nolan        jnolan@pszjlaw.com
aty        Maryam N Hadden        maryam.hadden@parlatorelawgroup.com

                                                                    TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
ust        United States Trustee      Long Island Federal Courthouse        560 Federal Plaza − Room 560        Central Islip,
           NY 11722−4437

                                                                    TOTAL: 1

# United States Bankruptcy Court

Eastern District of New York
290 Federal Plaza
Central Islip, NY 11722

---

IN RE:                                                        CASE NO: 8−20−08051−ast

    Ehrenberg v. Elena Sartison et al

---

## NOTICE TO PARTIES CONCERNING APPEAL (ECF CASE)

A Notice of Appeal was filed on March 8, 2021, in the above case by 2 River Terrace Apartment 12J,LLC, regarding Judgment Granting Plaintiffs Motion For Summary Judgment in part dated March 1, 2021, document number 64.

Effective December 1, 2014, Part VIII of the Federal Rules of Bankruptcy Procedure governing bankruptcy appeals was substantially revised in order to align those rules with the Federal Rules of Appellate Procedure and updated to include electronic transmission, filing, and service.

This notice must be read together with the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Bankruptcy Procedure (FRBP), the Local Rules of the Eastern District of New York, and this Court's Local Rules and Procedures.

1. **Service of Notice:** The appellant must provide the Clerk with the email address of each party to be served; to the extent that there are parties to the appeal who are not equipped to receive email noticification, the appellant must provide the Clerk with the address for all parties to be served.

2. **Appellant's Designation:** Appellant's designation of record on appeal and statement of issues to be presented on appeal are due within fourteen (14) days from the date of the filing of the Notice of Appeal. The designation must include a list of items to be included in the record on appeal. A copy of the designation and statement shall be served by the appellant on the appellee. A certificate of service must be filed with the bankruptcy court as proof that proper service was made.

3. **Appellee's Designation:** Within fourteen (14) days after service of the appellant's designation and statement, the appellee may file with the bankruptcy court and serve on the appellant a designation of additional items to be included in the record on appeal.

4. **Transcripts:** If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, call one of the court approved transcription service agencies to request a copy of a transcript. The written request for the transcript shall be filed with the bankruptcy court. The party requesting the transcript is responsible for the cost of transcription. Designated transcripts must be provided to this office in PDF format.

5. **ECF Registration (_Attorneys Only_):** Documents must be filed electronically relative to this matter, both in the Bankruptcy Court and, once the record has been transmitted, in the District Court. For information on ECF registration in the Bankruptcy Court, please visit: www.nyeb.uscourts.gov/electronic−filing−procedures; in the District Court, visit: https://www.nyed.uscourts.gov/cmecf.

6. **Transmittal of Record on Appeal:** Generally the record on appeal will be transmitted thirty (30) days from the date of the filing with the Court of the Notice of Appeal.

Dated: March 8, 2021                                          FOR THE COURT

                                         By: s/ S Dolan

                                         _____

                                         Deputy Clerk

**BLntcparap.jsp** [Notice to Parties 04/17/17]

# Notice Recipients

| | |
|---|---|
| District/Off: 0207−8 | User: admin | Date Created: 3/8/2021 |
| Case: 8−20−08051−ast | Form ID: 773 | Total: 3 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| aty | Ilan D Scharf | ischarf@pszyjw.com |
| aty | Jeffrey P Nolan | jnolan@pszjlaw.com |
| aty | Maryam N Hadden | maryam.hadden@parlatorelawgroup.com |

TOTAL: 3