And Order Concerning Summary Judgment issued on November 16, 2020 [Dkt. No. 38], and in accordance with Fed. R. Civ. P. 16(b) and 26(f).  The Discovery Plan is submitted by Plaintiff and Defendants, 2 River Terrace Apartment 12J, LLC, Clodagh and Elliott Greene and Elena Sartison.  All parties have appeared in the adversary as represented by counsel.

1.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have been completed by all parties.

2.      The parties have met and conferred regarding the discovery to be conducted and documents maintained in electronic format.  Plaintiff has identified the issue of the Debtors' servers, some of which have been coded into a searchable format while others which would require additional time and expenditures.  The parties have agreed to retain all evidence stored in electronic format and will cooperate to facilitate the exchange of relevant documents.

3.      All <u>fact</u> discovery shall be completed no later than April 20, 2021.

4.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Eastern District of New York ("Local Bankruptcy Rules").  The parties anticipate discovery on the subject transfers, product and services rendered, and the surrounding business dealings.

5.      Expert discovery

a.      All <u>expert</u> discovery shall be completed no later than June 20, 2021.

b.      No later than April 30, 2021: (i) the party bearing the burden of proof on any issue shall make all disclosures required under Fed. R. Civ. P. 26 (a)(2); and (ii) all rebuttal

or responsive expert reports and other disclosures required under Fed. R. Civ. P. 26 (a)(2) shall be made no later than thirty (30) days thereafter.

6.      Mediation

If the parties desire and agree to mediate their dispute(s) at any time during the pendency of this adversary proceeding, they shall jointly file a stipulation (the "Stipulation") with the Court

7.      Motions

a.      All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements.  Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto *(see* Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery *(see* paragraph 3 hereof).

8.      Trial

a.      Trial in this matter is scheduled for _____, 2021. The proposed Joint Pretrial Order shall be prepared and submitted on or before_____, 2021. Plaintiff's trial estimate is two days excluding motions in limine.  Defendant's trial estimate is two days.

9.      This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended.

Dated: January 8, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
Attorneys for Plaintiff Howard M. Ehrenberg,
in his capacity of Liquidating Trustee of Orion
Healthcorp, Inc., *et al*

By:   */s/ Jeffery P. Nolan*
    Ilan D. Scharf, Esq.
    Jeffery P. Nolan, Esq., (Pro Hac Vice)
    780 Third Avenue, 34th Floor
    New York, NY 10017
    Tel: (212) 561-7700
    Email: ischarf@pszjlaw.com

**GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**
Attorneys for Clodagh Bowyer Greene A/K/A
Clodagh Bowyer, Elliott Greene

By:   */s/ J. Ted Donovan*
    J. Ted Donovan, Esq.
    1501 Broadway, 22nd Floor
    New York, NY 10036
    Tel: (631) 271-4143
    Email: tdonovan@gwfglaw.com

**Law Offices of Albert Dayan**
Attorneys for Elena Sartison

By:   */s/ Albert Y. Dayan*
    Albert Y. Dayan (AYD-5222)
    Law Offices of Albert Dayan
    80-02 Kew Gardens Road, Suite 902
    Kew Gardens, New York 11415
    Tel: (718) 268-9400
    Email: dayanlaw@aol.com

**Parlatore Law Group, LLC**
Attorneys for 2 River Terrace, Apt. 12J, LLC

By:   */s/ Maryam N. Hadden*
    Maryam N. Hadden, Esq.
    One World Trade, Suite 8500
    New York, New York 10007
    Tel: (646) 846-6382
    Email:
    maryam.hadden@parlatorelawgroup.com

**SO ORDERED:**

1493

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| ORION HEALTHCORP, INC[1]. | : | Case No. 18-71748 (AST) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
| HOWARD M. EHRENBERG IN HIS CAPACITY | : |  |
| AS LIQUIDATING TRUSTEE OF ORION | : | Adv. Pro. No. 20-08051 (AST) |
| HEALTHCORP, INC., ET AL., | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| ELENA SARTISON; 2 RIVER TERRACE | : |  |
| APARTMENT 12J, LLC; CLODAGH BOWYER | : |  |
| GREENE A/K/A CLODAGH BOWYER; | : |  |
| ELLIOTT GREENE, | : |  |
|  | : |  |
| Defendants. | : |  |

------------------------------------------

## NOTICE OF HEARING TO ISSUE RULING ON
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## OR IN THE ALTERNATIVE SUMMARY ADJUDICATION
## AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC

**PLEASE TAKE NOTICE** that the Court will hold a hearing to issue a ruling on

*Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Against*

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

*Defendant 2 River Terrace Apartment 12J, LLC* [Docket No. 42] (the "<u>Motion</u>") before the

Honorable Alan S. Trust, United States Bankruptcy Judge, in Courtroom 960 of the United

States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip,

NY 11722 on February 9, 2021 at 2:30 p.m. (prevailing Eastern Time).  Counsel for Plaintiff was

instructed to give notice.

Dated: New York, New York
          January 25, 2021

<div style="margin-left:40%">

*/s/ Jeffrey P. Nolan*

Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:      (212) 561-7700
Facsimile:      (212) 561-7777

Counsel for the Plaintiff,
Howard M. Ehrenberg in his capacity as
Liquidating Trustee of Orion Healthcorp, Inc., *et al*.

</div>

<div style="text-align:center">2</div>

## CERTIFICATE OF SERVICE

STATE OF NEW JERSEY            )
                                   )         ss.:
COUNTY OF SOMERSET          )

I, La Asia S. Canty, am over the age of eighteen years, and am employed by Pachulski Stang Ziehl & Jones LLP.  I am not a party to the within action; my business address is 780 Third Avenue, 34th Floor, New York, New York 10017-2024.

On January 25, 2021, I caused a true and correct copy of the following document to be served via electronic mail and First Class US Mail upon the parties set forth on the service list annexed hereto as **Exhibit 1**:

➢ *Notice of Hearing to Issue Ruling on Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC.*

                                             */s/ La Asia S. Canty*
                                             La Asia S. Canty

## EXHIBIT 1

Maryam N. Hadden, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, NY 10007
Email: Maryam.hadden@parlatorelawgroup.com

*Attorney for Defendant 2 River Terrace*

Laurence D. Pittinsky, Esq.
Rosenberg & Pittinsky, LLP
232 Madison Avenue, Suite 906
New York, New York 10016
Email: larry@rpllplaw.com

*Counsel to Residential Board of Managers of the
Riverhouse on Rockefeller*

Albert Y. Dayan, Esq.
80-02 Kew Gardens Road
Suite 902
Kew Gardens, NY 11415
Email: dayanlaw@aol.com

*Attorney at Defendant Elena Sartison*

Kevin J. Nash, Esq.
J Ted Donovan, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036
Email: knash@gwfglaw.com
        Tdonovan@gwfglaw.com
        jstrauss@gwfglaw.com

*Attorneys for Defendants Clodagh Bowyer
Greene and Elliott Greene*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------  :
                                          :
In re:                                    :    Chapter 11
                                          :
ORION HEALTHCORP, INC[1].                 :    Case No. 18-71748 (AST)
                                          :
                    Debtors.              :    (Jointly Administered)
----------------------------------------  :
                                          :
HOWARD M. EHRENBERG IN HIS                :
CAPACITY AS LIQUIDATING TRUSTEE OF        :    Adv. Pro. No. 20-08051 (AST)
ORION HEALTHCORP, INC., ET AL.,           :
                                          :
                    Plaintiff,            :
                                          :
v.                                        :
                                          :
ELENA SARTISON; 2 RIVER TERRACE           :
APARTMENT 12J, LLC; CLODAGH BOWYER        :
GREENE A/K/A CLODAGH BOWYER;              :
ELLIOTT GREENE,                           :
                                          :
                    Defendants,           :
----------------------------------------

**JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC**

The Court, having considered the *Motion for Summary Judgment, or In the Alternative,*

*Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff,

Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*,

(the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P.*

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

*Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44); the *Affidavit of Daniel Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 45); the *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51); the Reply Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the *Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or in the Alternative, Summary Adjudication* (Docket No. 53); the *Second Affidavit of Daniel Jones in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21, 2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the relief requested in the Motion; and after due deliberation thereon; and good and sufficient cause

appearing therefor as stated in the record at the Hearing to Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the record.

2. The Motion is granted with respect to the Plaintiff's Fourth Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and  §273-a,  as against Defendant 2 River Terrace Apartment 12J, LLC, as the transfer of legal title to the real property located at 2 River Terrace, condominium unit, located in, New York, NY (the "**Condominium Unit**") to Defendant 2 River Terrace Apartment 12J, LLC, was not made in good faith or for fair consideration to the Debtors as stated in particular on the record of the Ruling Hearing.

3. The Motion is granted with respect to the Plaintiff's Sixth Cause of Action for Recovery of Legal and Equitable Title to the Condominium Unit from Defendant to the Plaintiff as Defendant is the initial transferee of an avoided transfer as stated in particular on the record.

4. The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the

Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5.	It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace, Apartment 12J, LLC, and any associated deposit(s) in its name or for its benefit, was acquired with funds of the Debtors and: (a)  is property of the Debtors' estates, (b)  the  Deed conveyed to Defendant is avoided and Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, resides with Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents with the City of New York, Recorder's or Registers Office consistent with the ruling of the Court;

6.	Defendant, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the physical Condominium Unit, including all associated keys, and entrance cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the entry of this Order;

7.	The Motion is denied without prejudice with respect to the Plaintiff's Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in particular on the record.

8.      Plaintiff's request for the award of attorney's fees and a monetary award as set forth in the Motion is denied, without prejudice, as a triable issue of fact remains and as stated in particular on the record.

9.      The Bankruptcy Court retains jurisdiction to implement and enforce this Order.



L A W   O F F I C E S
LIMITED LIABILITY PARTNERSHIP

L O S   A N G E L E S ,   C A
S A N   F R A N C I S C O ,   C A
W I L M I N G T O N , D E
N E W   Y O R K ,   N Y

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

Jeffrey P. Nolan                    February 23, 2021                    jnolan@pszjlaw.com

The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

    Re: **In re: Orion HealthCorp, Inc.,** *et al.*
       **Howard M. Ehrenberg v. Sartison, et al.,**
       <u>**Adv. Proc. No. 20-08051-AST**</u>

Dear Judge Trust:

   We are counsel for Howard M. Ehrenberg in his capacity as
Liquidating Trustee of Orion Healthcorp, Inc., *et al.* (the "<u>Liquidating
Trustee</u>") as plaintiff in the above referenced adversary proceeding.

   On February 10, 2021, pursuant to the instruction of the Court
at the hearing held on February 9, 202,1 counsel for the Liquidating
Trustee circulated to all parties for comment a draft Judgment
Granting Plaintiff's Motion For Summary Judgment, In Part, As
Against Defendant 2 River Terrace Apartment 12J, LLC (the
"Proposed Judgment")

   After incorporating changes from counsel, Plaintiff filed and
uploaded the Proposed Judgment with the Court on February 17,
2021, Docket No. 42

      Very truly yours,

      */s/ Jeffrey P. Nolan*

      Jeffrey P. Nolan

JPN:lsc

cc: Counsel for Defendants (Via ECF)

**SAN FRANCISCO**
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**
FACSIMILE: 415/263 7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P O  BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**
FACSIMILE: 302/652 4400

**NEW YORK**
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**
FACSIMILE: 212/561 7777

DOCS_LA:336211.1 65004/003

1503

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------- :
In re: : Chapter 11
 :
ORION HEALTHCORP, INC[1]. : Case No. 18-71748 (AST)
 :
_____Debtors._____ : (Jointly Administered)
----------------------------------------- :
 :
HOWARD M. EHRENBERG IN HIS :
CAPACITY AS LIQUIDATING TRUSTEE OF :
ORION HEALTHCORP, INC., ET AL., : Adv. Pro. No. 20-08051 (AST)
 :
                               Plaintiff, :
 :
v. :
 :
ELENA SARTISON; 2 RIVER TERRACE :
APARTMENT 12J, LLC; CLODAGH BOWYER :
GREENE A/K/A CLODAGH BOWYER; :
ELLIOTT GREENE, :
 :
                              Defendants, :
----------------------------------------- :

### JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC

The Court, having considered the *Motion for Summary Judgment, or In the Alternative,*

*Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff,

Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*.,

(the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44);  the *Affidavit of Daniel Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC*  (Dkt. No. 45); the *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51);  the Reply Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the *Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or in the Alternative, Summary Adjudication*  (Docket No. 53); the *Second Affidavit of Daniel Jones in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21, 2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the

relief requested in the Motion to the extent granted herein, and that no genuine issues of material

fact exist which preclude entry of any of the relief granted herein; and after due deliberation

thereon; and good and sufficient cause appearing therefor as stated in the record at the Hearing to

Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the record.

2.      The Motion is granted with respect to the Plaintiff's Fourth Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and  §273-a,  as against Defendant 2 River Terrace Apartment 12J, LLC, as the transfers of the funds as described in the Motion which were used to purchase the real property located at 2 River Terrace, condominium unit, located in, New York, NY (the "**Condominium Unit**") and the  transfer of legal title to the Condominium Unit to Defendant 2 River Terrace Apartment 12J, LLC ("2 River Terrace"), were not made in good faith or for fair consideration to the Debtor Constellation Healthcare Technologies, Inc. ("CHT"), were made at the time that the transferor was insolvent or was thereby rendered insolvent, and were made at a time that the transferor was a judgment debtor on an unsatisfied judgment, all as stated in detail on the record of the Ruling Hearing.

3.      The Motion is granted with respect to the Plaintiff's Sixth Cause of Action for Recovery of Legal and Equitable Title to the Condominium Unit from the Defendant to the Plaintiff as Defendant 2 River Terrace is the initial transferee of an avoided transfer as stated in detail on the record.

4.      The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with the Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5.      It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace was acquired with funds of the Debtor CHT, and: (a)  is property of the Debtors' estates, (b)  the  Deed conveyed to the Defendant is avoided and the Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, is vested in the Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court;

6.      Defendant 2 River Terrace, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Condominium Unit, including all associated keys, and entrance

cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the entry of this Order;

       7.     The Motion is denied without prejudice with respect to the Plaintiff's Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in detail on the record.

       8.     Plaintiff's request for the award of attorney's fees and a monetary award as set forth in the Motion is denied, without prejudice, as stated in detail on the record.

       9.     The Bankruptcy Court retains jurisdiction to implement and enforce this Order.



**Dated: March 1, 2021**
     **Central Islip, New York**
                                     **Alan S. Trust**
                           **Chief United States Bankruptcy Judge**

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):_____2 River Terrace Apartment 12J, LLC_____

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☑ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _Summary Judgment in Part_____

2. State the date on which the judgment, order, or decree was entered: _March 1, 2021_____

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Howard M. Ehrenberg
   in his capacity as Liquidating
   Trustee of Orion Healthcorp, Inc. et al

   Attorney: Ilan D. Scharf
   Pachulski Stang Ziehl & Jones, LLP
   780 Third Avenue, 34th Floor
   New York, NY  10017
   (212)561-7700
   ischarf@pszjlaw.com

   Jeffrey P. Nolan
   Pachulski Stang Ziehl & Jones, LLP
   10100 Santa Monica Boulevard,
   13th Floor
   Los Angeles, CA  90067
   (310)277-6910
   jnolan@pszjlaw.com

2.  Party: Elliott Greene

Attorney: J. Ted Donovan
          Goldberg Weprin Finkel Goldstein LLP
          1501 Broadway
          New York, NY  10036
          (212)221-5700
          Tdonovan@gwfglaw.com


3.  Party: Clodagh Bowyer
            a/k/a Clodagh Bowyer
            Greene

Attorney: J. Ted Donovan
          Goldberg Weprin Finkel Goldstein LLP
          1501 Broadway
          New York, NY  10036
          (212)221-5700
          Tdonovan@gwfglaw.com


4.  Party: Elena Sartison

Attorney: Albert Y. Dayan
          80-02 Kew Gardens Road, Suite 902
          Kew Gardens, NY  11415
          (718)268-9400
          dayanlaw@aol.com

1510

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: March 4, 2021

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Maryam N. Hadden, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, NY 10007
(646)846-6382
Maryam.hadden@parlatorelawgroup.com

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

JS 44C/EDNY (Rev 3/9/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
2 River Terrace Apartment 12J, LLC

## DEFENDANTS
Ehrenberg, Howard M.

in his capacity as Liquidating Trustee of Orion
Healthcorp Inc., et al

(b) Attorneys *(Firm Name, Address, and Telephone Number)*
Maryam N. Hadden
Parlatore Law Group LLC
One World Trade Center, Ste 8500, NY, NY 10007 (646)846-6382

Attorneys *(If Known)*
Ilan Scharf and Jeffrey Nolan, Pachulski Stang Zeihl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017 (212)561-7700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)

28 U.S.C. Sec. 158    Appeal of summary judgment ordered in bankruptcy adversary proceeding

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1  Original Proceeding | ☐ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from Another District *(specify)* | ☐ 6  Multidistrict Litigation – Transfer | ☐ 8  Multidistrict Litigation – Direct File |

## VI. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE  Alan S. Trust       DOCKET NUMBER  20-08051

DATE
March 4, 2021

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?
☐ Yes    ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?
☐ Yes    ☑ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:
_____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?    ☐ Yes    ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑    Yes    ☐    No

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

☐    Yes  *(If yes, please explain)*    ☑    No

I certify the accuracy of all information provided above.
Signature: /s/ Marvam N. Hadden

JS 44C/EDNY Reverse (Rev. 03/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**

   **a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below. United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C., Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------
                                          :
In re:                                    :  Chapter 11
                                          :
ORION HEALTHCORP, INC[1].                 :  Case No. 18-71748 (AST)
                                          :
            Debtors.                      :  (Jointly Administered)
------------------------------------------ :
                                          :
HOWARD M. EHRENBERG IN HIS                :
CAPACITY AS LIQUIDATING TRUSTEE OF        :  Adv. Pro. No. 20-08051 (AST)
ORION HEALTHCORP, INC., ET AL.,           :
                                          :
                Plaintiff,                :
                                          :
v.                                        :
                                          :
ELENA SARTISON; 2 RIVER TERRACE           :
APARTMENT 12J, LLC; CLODAGH BOWYER        :
GREENE A/K/A CLODAGH BOWYER;              :
ELLIOTT GREENE,                           :
                                          :
                Defendants,               :
------------------------------------------

**JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC**

The Court, having considered the *Motion for Summary Judgment, or In the Alternative,*

*Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff,

Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*.,

(the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44); the *Affidavit of Daniel Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 45); the *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51); the Reply Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the *Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or in the Alternative, Summary Adjudication* (Docket No. 53); the *Second Affidavit of Daniel Jones in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21, 2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the

relief requested in the Motion to the extent granted herein, and that no genuine issues of material

fact exist which preclude entry of any of the relief granted herein; and after due deliberation

thereon; and good and sufficient cause appearing therefor as stated in the record at the Hearing to

Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

   **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

   1.    The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in*

*Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the

record.

   2.    The Motion is granted with respect to the Plaintiff's Fourth Cause of

Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor

and Creditor Law §§272-275, and  §273-a,  as against Defendant 2 River Terrace Apartment 12J,

LLC, as the transfers of the funds as described in the Motion which were used to purchase the

real property located at 2 River Terrace, condominium unit, located in, New York, NY (the

"**Condominium Unit**") and the  transfer of legal title to the Condominium Unit to Defendant 2

River Terrace Apartment 12J, LLC ("2 River Terrace"), were not made in good faith or for fair

consideration to the Debtor Constellation Healthcare Technologies, Inc. ("CHT"), were made at

the time that the transferor was insolvent or was thereby rendered insolvent, and were made at a

time that the transferor was a judgment debtor on an unsatisfied judgment, all as stated in detail

on the record of the Ruling Hearing.

   3.    The Motion is granted with respect to the Plaintiff's Sixth Cause of Action

for Recovery of Legal and Equitable Title to the Condominium Unit from the Defendant to the

Plaintiff as Defendant 2 River Terrace is the initial transferee of an avoided transfer as stated in

detail on the record.

4.      The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with the Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5.      It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace was acquired with funds of the Debtor CHT, and: (a)  is property of the Debtors' estates, (b)  the  Deed conveyed to the Defendant is avoided and the Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, is vested in the Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court;

6.      Defendant 2 River Terrace, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Condominium Unit, including all associated keys, and entrance

cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the entry of this Order;

       7.    The Motion is denied without prejudice with respect to the Plaintiff's Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in detail on the record.

       8.    Plaintiff's request for the award of attorney's fees and a monetary award as set forth in the Motion is denied, without prejudice, as stated in detail on the record.

       9.    The Bankruptcy Court retains jurisdiction to implement and enforce this Order.



**Dated: March 1, 2021**
    **Central Islip, New York**

                     **Alan S. Trust**
            **Chief United States Bankruptcy Judge**

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1.  Name(s) of appellant(s):_____ 2 River Terrace Apartment 12J, LLC ____

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☑ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

### Part 2: Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from: _Summary Judgment in Part_____

2.  State the date on which the judgment, order, or decree was entered: _March 1, 2021_____

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party: Howard M. Ehrenberg
    in his capacity as Liquidating
    Trustee of Orion Healthcorp, Inc. et al

    Attorney: Ilan D. Scharf
    Pachulski Stang Ziehl & Jones, LLP
    780 Third Avenue, 34th Floor
    New York, NY 10017
    (212)561-7700
    ischarf@pszjlaw.com

    Jeffrey P. Nolan
    Pachulski Stang Ziehl & Jones, LLP
    10100 Santa Monica Boulevard,
    13th Floor
    Los Angeles, CA 90067
    (310)277-6910
    jnolan@pszjlaw.com

2.   Party: Elliott Greene

Attorney: J. Ted Donovan
          Goldberg Weprin Finkel Goldstein LLP
          1501 Broadway
          New York, NY  10036
          (212)221-5700
          Tdonovan@gwfglaw.com


3.   Party: Clodagh Bowyer
          a/k/a Clodagh Bowyer
          Greene

Attorney: J. Ted Donovan
          Goldberg Weprin Finkel Goldstein LLP
          1501 Broadway
          New York, NY  10036
          (212)221-5700
          Tdonovan@gwfglaw.com


4.   Party: Elena Sartison

Attorney: Albert Y. Dayan
          80-02 Kew Gardens Road, Suite 902
          Kew Gardens, NY  11415
          (718)268-9400
          dayanlaw@aol.com

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Date: March 4, 2021

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Maryam N. Hadden, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, NY 10007
(646)846-6382
Maryam.hadden@parlatorelawgroup.com

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

JS 44C/EDNY (Rev 5/9/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

2 River Terrace Apartment 12J, LLC

### DEFENDANTS

Ehrenberg, Howard M.

in his capacity as Liquidating Trustee of Orion

Healthcorp Inc., et al

**(b)** Attorneys *(Firm Name, Address, and Telephone Number)*
Maryam N. Hadden
Parlatore Law Group LLP
One World Trade Center, Ste 8500, NY, NY 10007 (646)846-6382

Attorneys *(If Known)*
Ilan Scharf and Jeffrey Nolan, Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017 (212)561-7700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☑ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)

28 U.S.C. Sec. 158      Appeal of summary judgment ordered in bankruptcy adversary proceeding

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District (specify) | ☐ 6 Multidistrict Litigation – Transfer | | ☐ 8 Multidistrict Litigation – Direct File |

## VI. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Alan S. Trust

DOCKET NUMBER   20-08051

DATE
March 4, 2021

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

1523

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?
☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?
☐ Yes   ☑ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:
_____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑   Yes   ☐   No

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

☐   Yes   *(If yes, please explain)*   ☑   No

I certify the accuracy of all information provided above.
Signature: /s/ Maryam N. Hadden

JS 44C/EDNY Reverse (Rev. 03/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.

a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below. United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

VII. **Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------ :
In re:                                     :   Chapter 11
                                           :
ORION HEALTHCORP, INC[1].                  :   Case No. 18-71748 (AST)
                                           :
                          Debtors.         :   (Jointly Administered)
------------------------------------------ :
                                           :
HOWARD M. EHRENBERG IN HIS                 :
CAPACITY AS LIQUIDATING TRUSTEE OF         :   Adv. Pro. No. 20-08051 (AST)
ORION HEALTHCORP, INC., ET AL.,            :
                                           :
                          Plaintiff,       :
                                           :
v.                                         :
                                           :
ELENA SARTISON; 2 RIVER TERRACE            :
APARTMENT 12J, LLC; CLODAGH BOWYER         :
GREENE A/K/A CLODAGH BOWYER;               :
ELLIOTT GREENE,                            :
                                           :
                          Defendants,      :
------------------------------------------ :

**JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC**

The Court, having considered the *Motion for Summary Judgment, or In the Alternative,*

*Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff,

Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*.,

(the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44);  the *Affidavit of Daniel Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC*  (Dkt. No. 45); the *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51);  the Reply Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the *Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or in the Alternative, Summary Adjudication*  (Docket No. 53); the *Second Affidavit of Daniel Jones in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21, 2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the

relief requested in the Motion to the extent granted herein, and that no genuine issues of material fact exist which preclude entry of any of the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor as stated in the record at the Hearing to Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

 **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

 1. The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the record.

 2. The Motion is granted with respect to the Plaintiff's Fourth Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, as against Defendant 2 River Terrace Apartment 12J, LLC, as the transfers of the funds as described in the Motion which were used to purchase the real property located at 2 River Terrace, condominium unit, located in, New York, NY (the "**Condominium Unit**") and the transfer of legal title to the Condominium Unit to Defendant 2 River Terrace Apartment 12J, LLC ("2 River Terrace"), were not made in good faith or for fair consideration to the Debtor Constellation Healthcare Technologies, Inc. ("CHT"), were made at the time that the transferor was insolvent or was thereby rendered insolvent, and were made at a time that the transferor was a judgment debtor on an unsatisfied judgment, all as stated in detail on the record of the Ruling Hearing.

 3. The Motion is granted with respect to the Plaintiff's Sixth Cause of Action for Recovery of Legal and Equitable Title to the Condominium Unit from the Defendant to the Plaintiff as Defendant 2 River Terrace is the initial transferee of an avoided transfer as stated in detail on the record.

4. The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with the Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5. It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace was acquired with funds of the Debtor CHT, and: (a) is property of the Debtors' estates, (b) the Deed conveyed to the Defendant is avoided and the Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, is vested in the Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court;

6. Defendant 2 River Terrace, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Condominium Unit, including all associated keys, and entrance

cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the entry of this Order;

       7.    The Motion is denied without prejudice with respect to the Plaintiff's Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in detail on the record.

       8.    Plaintiff's request for the award of attorney's fees and a monetary award as set forth in the Motion is denied, without prejudice, as stated in detail on the record.

       9.    The Bankruptcy Court retains jurisdiction to implement and enforce this Order.



Dated: March 1, 2021
      Central Islip, New York

                           Alan S. Trust
                   Chief United States Bankruptcy Judge

# Notice Recipients

District/Off: 0207−8                   User: admin                       Date Created: 3/8/2021

Case: 8−20−08051−ast                   Form ID: pdf000                   Total: 4

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| aty | Ilan D Scharf | ischarf@pszyjw.com |
| aty | Jeffrey P Nolan | jnolan@pszjlaw.com |
| aty | Maryam N Hadden | maryam.hadden@parlatorelawgroup.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

ust          United States Trustee          Long Island Federal Courthouse          560 Federal Plaza − Room 560          Central Islip,
             NY 11722−4437

TOTAL: 1

# United States Bankruptcy Court

### Eastern District of New York
### 290 Federal Plaza
### Central Islip, NY 11722

IN RE:                                                                      CASE NO: 8−20−08051−ast

    Ehrenberg v. Elena Sartison et al

## NOTICE TO PARTIES CONCERNING APPEAL (ECF CASE)

A Notice of Appeal was filed on March 8, 2021, in the above case by 2 River Terrace Apartment 12J,LLC, regarding Judgment Granting Plaintiffs Motion For Summary Judgment in part dated March 1, 2021, document number 64.

Effective December 1, 2014, Part VIII of the Federal Rules of Bankruptcy Procedure governing bankruptcy appeals was substantially revised in order to align those rules with the Federal Rules of Appellate Procedure and updated to include electronic transmission, filing, and service.

This notice must be read together with the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Bankruptcy Procedure (FRBP), the Local Rules of the Eastern District of New York, and this Court's Local Rules and Procedures.

1. **Service of Notice:** The appellant must provide the Clerk with the email address of each party to be served; to the extent that there are parties to the appeal who are not equipped to receive email noticification, the appellant must provide the Clerk with the address for all parties to be served.

2. **Appellant's Designation:** Appellant's designation of record on appeal and statement of issues to be presented on appeal are due within fourteen (14) days from the date of the filing of the Notice of Appeal. The designation must include a list of items to be included in the record on appeal. A copy of the designation and statement shall be served by the appellant on the appellee. A certificate of service must be filed with the bankruptcy court as proof that proper service was made.

3. **Appellee's Designation:** Within fourteen (14) days after service of the appellant's designation and statement, the appellee may file with the bankruptcy court and serve on the appellant a designation of additional items to be included in the record on appeal.

4. **Transcripts:** If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, call one of the court approved transcription service agencies to request a copy of a transcript. The written request for the transcript shall be filed with the bankruptcy court. The party requesting the transcript is responsible for the cost of transcription. Designated transcripts must be provided to this office in PDF format.

5. **ECF Registration (*Attorneys Only*):** Documents must be filed electronically relative to this matter, both in the Bankruptcy Court and, once the record has been transmitted, in the District Court. For information on ECF registration in the Bankruptcy Court, please visit: www.nyeb.uscourts.gov/electronic−filing−procedures; in the District Court, visit: https://www.nyed.uscourts.gov/cmecf.

6. **Transmittal of Record on Appeal:** Generally the record on appeal will be transmitted thirty (30) days from the date of the filing with the Court of the Notice of Appeal.

Dated: March 8, 2021                                                        FOR THE COURT

                                                               By: s/ S Dolan

                                                               _____

                                                                Deputy Clerk

**BLntcparap.jsp** [Notice to Parties 04/17/17]

# Notice Recipients

District/Off: 0207−8                    User: admin                    Date Created: 3/8/2021

Case: 8−20−08051−ast                    Form ID: 773                   Total: 3

**Recipients of Notice of Electronic Filing:**

aty        Ilan D Scharf          ischarf@pszyjw.com
aty        Jeffrey P Nolan        jnolan@pszjlaw.com
aty        Maryam N Hadden        maryam.hadden@parlatorelawgroup.com

TOTAL: 3

**APPEAL**

# U.S. Bankruptcy Court
## Eastern District of New York (Central Islip)
## Adversary Proceeding #: 8−20−08051−ast

*Assigned to:* Judge Alan S. Trust                    *Date Filed:* 03/14/20
*Lead BK Case:* 18−71748
*Lead BK Title:* Orion Healthcorp, Inc.
*Lead BK Chapter:* 11
*Demand:* $5000000
  *Nature[s] of Suit:*  13 Recovery of money/property − 548 fraudulent transfer

**Plaintiff**
−−−−−−−−−−−−−−−−−−−−−−−−−

**Howard M. Ehrenberg,** *in his capacity*          represented by **Jeffrey P Nolan**
*as Liquidating Trustee of Orion*                    Pachulski Stang Ziehl & Jones LLP
*Healthcorp, Inc., et al*                            780 Third Avenue
                                                     34th Floor
                                                     New York, NY 10017
                                                     310−772−2313
                                                     Fax : 310−201−0760
                                                     Email: jnolan@pszjlaw.com
                                                     *LEAD ATTORNEY*

                                                     **Ilan D Scharf**
                                                     Pachulski Stang Ziehl & Jones LLP
                                                     780 Third Avenue
                                                     36th Floor
                                                     New York, NY 10017
                                                     (212) 561−7721
                                                     Fax : (212) 561−7777
                                                     Email: ischarf@pszyjw.com

V.

**Defendant**
−−−−−−−−−−−−−−−−−−−−−−−−−

**Elena Sartison**                                   represented by **Albert Y. Dayan**
                                                     80−02 Kew Gardens Road
                                                     Suite 902
                                                     Kew Gardens, NY 11415
                                                     (718) 268−9400
                                                     Email: dayanlaw@aol.com
                                                     *LEAD ATTORNEY*

                                                     **Albert Yukhanan Dayan**
                                                     Dayan Law Firm, PLLC.
                                                     80−02 Kew Gardens Rd.
                                                     Suite 902
                                                     Kew Gardens, NY 11415
                                                     718−268−9400
                                                     Fax : 718−268−9404

Email: dayanlaw@aol.com

**Defendant**
————————————————————
**2 River Terrace Apartment 12J, LLC**        represented by **Maryam N Hadden**
Parlatore Law Group
One World Trade Center, Suite 8500
New York, NY 10007
646−846−6382
Fax : 212−409−8972
Email: maryam.hadden@parlatorelawgroup.com

**Charles E Simpson**
Windels Marx Lane & Mittendorf
156 West 56th Street
New York, NY 10019
(212) 237−1000
Fax : (212) 262−1215
Email: csimpson@windelsmarx.com

**Defendant**
————————————————————
**Clodagh Bowyer Greene a/k/a Clodagh**        represented by **J Ted Donovan**
**Bowyer**
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway
22nd Floor
New York, NY 10036
(212)−301−6943
Fax : (212)−422−6836
Email: Tdonovan@gwflaw.com

**Defendant**
————————————————————
**Elliott Greene**        represented by **J Ted Donovan**
(See above for address)

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 03/01/2021 | | 64 | Judgment Granting Plaintiffs Motion For Summary Judgment in part as against Defendant 2 River Terrace Apartment 12J, LLC. The Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendants Opposition (Dkt. No. 56) is granted in all respects as stated on the record. (Related Doc # 42) Signed on 3/1/2021. (sld) (Entered: 03/01/2021) |
| 03/08/2021 | | 69 | Notice of Appeal to District Court. *Appeal of Order Granting Partial Summary Judgment.* Fee Amount $298 Filed by Maryam N Hadden on behalf of 2 River Terrace Apartment 12J, LLC (RE: related document(s)64 Order on Motion For Summary Judgment). Appellant Designation due by 03/22/2021. Transmission of Designation to District Court Due by 04/7/2021. (Attachments: # 1 Civil Cover Sheet # 2 Order Appealed from)(Hadden, Maryam) (Entered: 03/08/2021) |
| 03/08/2021 | | | Receipt of Notice of Appeal( 8−20−08051−ast) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A19951260. Fee amount 298.00. (re: Doc# 69) (U.S. Treasury) (Entered: 03/08/2021) |

| 03/08/2021 | | 70 | Court's Service List (RE: related document(s)69 Notice of Appeal filed by Defendant 2 River Terrace Apartment 12J, LLC) (sld) (Entered: 03/08/2021) |
| 03/08/2021 | | 71 | Notice to Parties of requirements, deadlines(RE: related document(s)69 Notice of Appeal filed by Defendant 2 River Terrace Apartment 12J, LLC) (sld) (Entered: 03/08/2021) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------

| | |
|---|---|
| In re: | : |
| | : |
| ORION HEALTHCORP, INC[1]. | : |
| | : |
| Debtors. | : |
| | : |

: Chapter 11

: Case No. 18-71748 (AST)

: (Jointly Administered)

------------------------------------------

| | |
|---|---|
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ELENA SARTISON; 2 RIVER TERRACE APARTMENT 12J, LLC; CLODAGH BOWYER GREENE A/K/A CLODAGH BOWYER; ELLIOTT GREENE, | : |
| | : |
| Defendants, | |

: Adv. Pro. No. 20-08051 (AST)

------------------------------------------

**JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC**

The Court, having considered the *Motion for Summary Judgment, or In the Alternative,*

*Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff,

Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*,

(the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44);  the *Affidavit of Daniel Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC*  (Dkt. No. 45); the *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51);  the Reply Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the *Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or in the Alternative, Summary Adjudication*  (Docket No. 53); the *Second Affidavit of Daniel Jones in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21, 2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the

relief requested in the Motion to the extent granted herein, and that no genuine issues of material

fact exist which preclude entry of any of the relief granted herein; and after due deliberation

thereon; and good and sufficient cause appearing therefor as stated in the record at the Hearing to

Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

     **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

     1.    The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in*

*Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the

record.

     2.    The Motion is granted with respect to the Plaintiff's Fourth Cause of

Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor

and Creditor Law §§272-275, and  §273-a,  as against Defendant 2 River Terrace Apartment 12J,

LLC, as the transfers of the funds as described in the Motion which were used to purchase the

real property located at 2 River Terrace, condominium unit, located in, New York, NY (the

"**Condominium Unit**") and the  transfer of legal title to the Condominium Unit to Defendant 2

River Terrace Apartment 12J, LLC ("2 River Terrace"), were not made in good faith or for fair

consideration to the Debtor Constellation Healthcare Technologies, Inc. ("CHT"), were made at

the time that the transferor was insolvent or was thereby rendered insolvent, and were made at a

time that the transferor was a judgment debtor on an unsatisfied judgment, all as stated in detail

on the record of the Ruling Hearing.

     3.    The Motion is granted with respect to the Plaintiff's Sixth Cause of Action

for Recovery of Legal and Equitable Title to the Condominium Unit from the Defendant to the

Plaintiff as Defendant 2 River Terrace is the initial transferee of an avoided transfer as stated in

detail on the record.

4.      The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with the Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5.      It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace was acquired with funds of the Debtor CHT, and: (a)  is property of the Debtors' estates, (b)  the  Deed conveyed to the Defendant is avoided and the Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, is vested in the Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court;

6.      Defendant 2 River Terrace, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Condominium Unit, including all associated keys, and entrance

cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones

LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the

entry of this Order;

       7.    The Motion is denied without prejudice with respect to the Plaintiff's

Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and

N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in detail on

the record.

       8.    Plaintiff's request for the award of attorney's fees and a monetary award

as set forth in the Motion is denied, without prejudice, as stated in detail on the record.

       9.    The Bankruptcy Court retains jurisdiction to implement and enforce this

Order.



**Dated: March 1, 2021**
**   Central Islip, New York**
                           **Alan S. Trust**
                **Chief United States Bankruptcy Judge**

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1.  Name(s) of appellant(s):_____ 2 River Terrace Apartment 12J, LLC _____

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☑ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from: Summary Judgment in Part _____

2.  State the date on which the judgment, order, or decree was entered: March 1, 2021 _____

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party: Howard M. Ehrenberg
    in his capacity as Liquidating
    Trustee of Orion Healthcorp, Inc. et al

    Attorney: Ilan D. Scharf
    Pachulski Stang Ziehl & Jones, LLP
    780 Third Avenue, 34th Floor
    New York, NY 10017
    (212)561-7700
    ischarf@pszjlaw.com

    Jeffrey P. Nolan
    Pachulski Stang Ziehl & Jones, LLP
    10100 Santa Monica Boulevard,
    13th Floor
    Los Angeles, CA 90067
    (310)277-6910
    jnolan@pszjlaw.com

2.   Party: Elliott Greene

Attorney: J. Ted Donovan
          Goldberg Weprin Finkel Goldstein LLP
          1501 Broadway
          New York, NY  10036
          (212)221-5700
          Tdonovan@gwfglaw.com

3.   Party: Clodagh Bowyer
          a/k/a Clodagh Bowyer
          Greene

Attorney: J. Ted Donovan
          Goldberg Weprin Finkel Goldstein LLP
          1501 Broadway
          New York, NY  10036
          (212)221-5700
          Tdonovan@gwfglaw.com

4.   Party: Elena Sartison

Attorney: Albert Y. Dayan
          80-02 Kew Gardens Road, Suite 902
          Kew Gardens, NY  11415
          (718)268-9400
          dayanlaw@aol.com

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

> ☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: March 4, 2021

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Maryam N. Hadden, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, NY 10007
(646)846-6382
Maryam.hadden@parlatorelawgroup.com

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

JS 44C/EDNY (Rev 3 9 2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

2 River Terrace Apartment 12J, LLC

## DEFENDANTS

Ehrenberg, Howard M.

in his capacity as Liquidating Trustee of Orion

Healthcorp Inc., et al

**(b)** Attorneys *(Firm Name, Address, and Telephone Number)*
Maryam N. Hadden
Parlatore Law Group LLC
One World Trade Center, Ste 8500, NY, NY 10007 (646)846-6382

Attorneys *(If Known)*
Ilan Scharf and Jeffrey Nolan, Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017 (212)561-7700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☑ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)

**28 U.S.C. Sec. 158    Appeal of summary judgment ordered in bankruptcy adversary proceeding**

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation – Transfer | | ☐ 8 Multidistrict Litigation – Direct File |

## VI. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury – Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE **Alan S. Trust**     DOCKET NUMBER **20-08051**

DATE
March 4, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## <u>RELATED CASE STATEMENT (Section VIII on the Front of this Form)</u>

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## <u>NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)</u>

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?
☐ Yes    ☑ No

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?
☐ Yes    ☑ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:
_____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?    ☐ Yes    ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## <u>BAR ADMISSION</u>

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑          Yes                              ☐          No

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

☐          Yes  *(If yes, please explain)*    ☑          No

I certify the accuracy of all information provided above.
Signature: /s/ Maryam N. Hadden

JS 44C/EDNY Reverse (Rev. 03/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**

    **a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below. United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C, Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------- :
                                          :
In re:                                    :  Chapter 11
                                          :
ORION HEALTHCORP, INC[1].                 :  Case No. 18-71748 (AST)
                                          :
          Debtors.                        :  (Jointly Administered)
----------------------------------------- :
                                          :
HOWARD M. EHRENBERG IN HIS                :
CAPACITY AS LIQUIDATING TRUSTEE OF        :  Adv. Pro. No. 20-08051 (AST)
ORION HEALTHCORP, INC., ET AL.,           :
                                          :
                    Plaintiff,            :
                                          :
v.                                        :
                                          :
ELENA SARTISON; 2 RIVER TERRACE           :
APARTMENT 12J, LLC; CLODAGH BOWYER        :
GREENE A/K/A CLODAGH BOWYER;              :
ELLIOTT GREENE,                           :
                                          :
                    Defendants,           :
----------------------------------------- :

**JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC**

The Court, having considered the *Motion for Summary Judgment, or In the Alternative,*

*Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff,

Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*.,

(the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44);  the *Affidavit of Daniel Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC*  (Dkt. No. 45); the *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51);  the Reply Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the *Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or in the Alternative, Summary Adjudication*  (Docket No. 53); the *Second Affidavit of Daniel Jones in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21, 2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the

relief requested in the Motion to the extent granted herein, and that no genuine issues of material fact exist which preclude entry of any of the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor as stated in the record at the Hearing to Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.     The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the record.

2.     The Motion is granted with respect to the Plaintiff's Fourth Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and  §273-a,  as against Defendant 2 River Terrace Apartment 12J, LLC, as the transfers of the funds as described in the Motion which were used to purchase the real property located at 2 River Terrace, condominium unit, located in, New York, NY (the "**Condominium Unit**") and the  transfer of legal title to the Condominium Unit to Defendant 2 River Terrace Apartment 12J, LLC ("2 River Terrace"), were not made in good faith or for fair consideration to the Debtor Constellation Healthcare Technologies, Inc. ("CHT"), were made at the time that the transferor was insolvent or was thereby rendered insolvent, and were made at a time that the transferor was a judgment debtor on an unsatisfied judgment, all as stated in detail on the record of the Ruling Hearing.

3.     The Motion is granted with respect to the Plaintiff's Sixth Cause of Action for Recovery of Legal and Equitable Title to the Condominium Unit from the Defendant to the Plaintiff as Defendant 2 River Terrace is the initial transferee of an avoided transfer as stated in detail on the record.

4.      The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with the Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5.      It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace was acquired with funds of the Debtor CHT, and: (a)  is property of the Debtors' estates, (b)  the  Deed conveyed to the Defendant is avoided and the Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, is vested in the Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court;

6.      Defendant 2 River Terrace, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Condominium Unit, including all associated keys, and entrance

cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the entry of this Order;

       7.    The Motion is denied without prejudice with respect to the Plaintiff's Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in detail on the record.

       8.    Plaintiff's request for the award of attorney's fees and a monetary award as set forth in the Motion is denied, without prejudice, as stated in detail on the record.

       9.    The Bankruptcy Court retains jurisdiction to implement and enforce this Order.



**Dated: March 1, 2021**
     **Central Islip, New York**

                         **Alan S. Trust**
                      **Chief United States Bankruptcy Judge**

Official Form 417A (12/15)

[Caption as in Form 416A, 416B, or 416D, as appropriate]

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):_____ 2 River Terrace Apartment 12J, LLC

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☑ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Summary Judgment in Part

2. State the date on which the judgment, order, or decree was entered: March 1, 2021

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Howard M. Ehrenberg
   in his capacity as Liquidating
   Trustee of Orion Healthcorp, Inc. et al

Attorney: Ilan D. Scharf
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue. 34th Floor
New York, NY 10017
(212)561-7700
ischarf@pszjlaw.com

Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard,
13th Floor
Los Angeles, CA 90067
(310)277-6910
jnolan@pszjlaw.com

2.   Party: Elliott Greene

Attorney: J. Ted Donovan
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway
New York, NY  10036
(212)221-5700
Tdonovan@gwfglaw.com

3.   Party: Clodagh Bowyer
a/k/a Clodagh Bowyer
Greene

Attorney: J. Ted Donovan
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway
New York, NY  10036
(212)221-5700
Tdonovan@gwfglaw.com

4.   Party: Elena Sartison

Attorney: Albert Y. Dayan
80-02 Kew Gardens Road, Suite 902
Kew Gardens, NY  11415
(718)268-9400
dayanlaw@aol.com

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: March 4, 2021

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Maryam N. Hadden, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, NY  10007
(646)846-6382
Maryam.hadden@parlatorelawgroup.com

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

JS 44C/EDNY (Rev 3/9/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

2 River Terrace Apartment 12J, LLC

## DEFENDANTS

Ehrenberg, Howard M.

in his capacity as Liquidating Trustee of Orion

Healthcorp Inc., et al

(b) Attorneys *(Firm Name, Address, and Telephone Number)*
Maryam N. Hadden
Parlatore Law Group LLC
One World Trade Center, Ste 8500, NY, NY  10007 (646)846-6382

Attorneys *(If Known)*
Ilan Scharf and Jeffrey Nolan, Pachulski Stang Zeihl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY  10017 (212)561-7700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE) (DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)

28 U.S.C. Sec. 158    Appeal of summary judgment ordered in bankruptcy adversary proceeding

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District (specify) | ☐ 6 Multidistrict Litigation – Transfer | ☐ 8 Multidistrict Litigation – Direct File | |

## VI. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☒ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE  Alan S. Trust

DOCKET NUMBER  20-08051

DATE
March 4, 2021

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?
☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☐ Yes   ☑ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: _____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes          ☐ No

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

☐ Yes *(If yes, please explain)*     ☑ No

I certify the accuracy of all information provided above.
Signature: /s/ Marvam N. Hadden

JS 44C/EDNY Reverse (Rev. 03/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.
   a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.
   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below. United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.
   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.
   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

V.
   **Origin.** Place an "X" in one of the seven boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.
   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

VII.
   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.
   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| ORION HEALTHCORP, INC[1]. | : Case No. 18-71748 (AST) |
|  | : |
| Debtors. | : (Jointly Administered) |

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

|  |  |
|---|---|
| HOWARD M. EHRENBERG IN HIS | : |
| CAPACITY AS LIQUIDATING TRUSTEE OF | : Adv. Pro. No. 20-08051 (AST) |
| ORION HEALTHCORP, INC., ET AL., | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| ELENA SARTISON; 2 RIVER TERRACE | : |
| APARTMENT 12J, LLC; CLODAGH BOWYER | : |
| GREENE A/K/A CLODAGH BOWYER; | : |
| ELLIOTT GREENE, | : |
|  | : |
| Defendants, | : |

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
IN PART AS AGAINST DEFENDANT 2 RIVER TERRACE APARTMENT 12J, LLC**

The Court, having considered the *Motion for Summary Judgment, or In the Alternative,*

*Summary Adjudication* (the "**Motion**")(Dkt No. 42), dated December 1, 2020 of Plaintiff,

Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*,

(the "**Plaintiff**" or the "**Liquidating Trustee**") seeking entry of judgment against Defendant 2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition,
LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice
Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand
Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc.
(1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC
(unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC
(0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting
Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC
(7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North,
Suite 203, Middletown, NJ 07748.

River Terrace Apartment 12J, LLC (the "**Defendant**"); the accompanying *Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Dkt. No. 44);  the *Affidavit of Daniel Jones in Support of Motion for Summary Judgment or in the Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC*  (Dkt. No. 45); the *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication Filed* (Dkt. No. 46); the *Memorandum of Law In Support of Defendant 2 River Terrace Apartment 12J, LLC's Opposition to Plaintiff's Motion For Summary Judgment or Summary Adjudication* (Dkt. No. 50; the *Statement of Undisputed Facts in support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment* (Dkt No. 51);  the Reply Brief In Support of Plaintiff's Motion for Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendant 2 River Terrace Apartment 12J, LLC (Dkt No. 52); the *Affidavit of Jeffrey P. Nolan in Support of Reply to Plaintiff's Motion for Summary Judgment or in the Alternative, Summary Adjudication*  (Docket No. 53); the *Second Affidavit of Daniel Jones in Support of Reply to Motion for Summary Judgment or in the Alternative, Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC* (Docket No. 54); the *Joint Statement of Plaintiff and Defendant of Uncontroverted Facts with Reference to Plaintiff's Motion for Summary Judgment or in the Alternative Summary Adjudication* (Dkt. No. 55);the *Motion to Strike and Evidentiary Objections To Exhibits Submitted in Support of Defendant's Opposition* (Dkt. No. 56); and the Court having held a hearing on the Motion on January 21, 2021 (the "**Hearing**"); and the Court having duly considered the argument of counsel at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and all pleadings filed by the Trustee in support of the Motion establish sufficient cause for the

relief requested in the Motion to the extent granted herein, and that no genuine issues of material

fact exist which preclude entry of any of the relief granted herein; and after due deliberation

thereon; and good and sufficient cause appearing therefor as stated in the record at the Hearing to

Issue Ruling on Plaintiff's Motion as heard on February 9, 2021(the "Ruling Hearing");

     **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

     1.    The *Motion to Strike and Evidentiary Objections To Exhibits Submitted in*

*Support of Defendant's Opposition* (Dkt. No. 56) is granted in all respects as stated on the

record.

     2.    The Motion is granted with respect to the Plaintiff's Fourth Cause of

Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor

and Creditor Law §§272-275, and  §273-a,  as against Defendant 2 River Terrace Apartment 12J,

LLC, as the transfers of the funds as described in the Motion which were used to purchase the

real property located at 2 River Terrace, condominium unit, located in, New York, NY (the

"**Condominium Unit**") and the  transfer of legal title to the Condominium Unit to Defendant 2

River Terrace Apartment 12J, LLC ("2 River Terrace"), were not made in good faith or for fair

consideration to the Debtor Constellation Healthcare Technologies, Inc. ("CHT"), were made at

the time that the transferor was insolvent or was thereby rendered insolvent, and were made at a

time that the transferor was a judgment debtor on an unsatisfied judgment, all as stated in detail

on the record of the Ruling Hearing.

     3.    The Motion is granted with respect to the Plaintiff's Sixth Cause of Action

for Recovery of Legal and Equitable Title to the Condominium Unit from the Defendant to the

Plaintiff as Defendant 2 River Terrace is the initial transferee of an avoided transfer as stated in

detail on the record.

4.      The transfer of legal title to the Condominium Unit by deed Recorded or filed in the Office of the City Register of the City of New York on February 19, 2016 to Defendant 2 River Terrace Apartment 12J, LLC, (the "**Deed**") is hereby avoided pursuant to 11 U.S.C. §544, and N.Y. Debtor & Creditor Law §§ 273-275, *et seq*. as a fraudulent conveyance. Legal title to the Condominium Unit is hereby vested solely with the Plaintiff, Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., as the Condominium Unit is an asset of the Debtor's estate recoverable pursuant to 11 U.S.C. §§544 and 550 & N.Y. Debtor and Creditor Law §§273-275, *et seq*;

5.      It is hereby declared that the Condominium Unit, in the possession, custody or control of Defendant 2 River Terrace was acquired with funds of the Debtor CHT, and: (a)  is property of the Debtors' estates, (b)  the  Deed conveyed to the Defendant is avoided and the Defendant has no ownership interest in the Condominium Unit, and (c) all equitable and legal ownership of the Condominium Unit, including all authority to perform all acts as the unit owner/property owner including without limitation to effect occupancy and to interact with the Residential Board of Managers as current owner of the Condominium Unit effective as of the date of the Ruling Hearing, together with all burdens and obligations of the unit owner, is vested in the Plaintiff as the duly authorized representative of the Debtors' estate and who is empowered to execute any and all documents, as necessary, with the City of New York, the appropriate county Recorder's Office, or the Office of the City Register, consistent with the ruling of the Court;

6.      Defendant 2 River Terrace, including any manager, member or employee, is Ordered to perform all acts required to effect the turnover of ownership, possession, occupancy and control of the Condominium Unit, including all associated keys, and entrance

cards, to counsel for Plaintiff, Ilan Scharf, at the Law Offices of Pachulski Stang, Ziehl & Jones LLP located at 780 Third Avenue, 34th Floor, New York, NY within twenty (20) days of the entry of this Order;

       7.    The Motion is denied without prejudice with respect to the Plaintiff's Third Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §276, as a triable issue of fact remains and as stated in detail on the record.

       8.    Plaintiff's request for the award of attorney's fees and a monetary award as set forth in the Motion is denied, without prejudice, as stated in detail on the record.

       9.    The Bankruptcy Court retains jurisdiction to implement and enforce this Order.

Dated: March 1, 2021
     Central Islip, New York

                                         Alan S. Trust
                           Chief United States Bankruptcy Judge

Case 8-20-08051-ast   Doc 7-19   Filed 04/23/21   Entered 04/23/21 14:36:41

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207−8 | User: admin | Date Created: 3/8/2021 |
| Case: 8−20−08051−ast | Form ID: pdf000 | Total: 4 |

**Recipients of Notice of Electronic Filing:**

| aty | Ilan D Scharf | ischarf@pszyjw.com |
|-----|---------------|--------------------|
| aty | Jeffrey P Nolan | jnolan@pszjlaw.com |
| aty | Maryam N Hadden | maryam.hadden@parlatorelawgroup.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| ust | United States Trustee | Long Island Federal Courthouse | 560 Federal Plaza − Room 560 | Central Islip, NY 11722−4437 |
|-----|----------------------|-------------------------------|------------------------------|------------------------------|

TOTAL: 1

# United States Bankruptcy Court

Eastern District of New York
290 Federal Plaza
Central Islip, NY 11722

---

IN RE:                                                                                          CASE NO: 8−20−08051−ast

Ehrenberg v. Elena Sartison et al

---

## NOTICE TO PARTIES CONCERNING APPEAL (ECF CASE)

A Notice of Appeal was filed on March 8, 2021, in the above case by 2 River Terrace Apartment 12J,LLC, regarding Judgment Granting Plaintiffs Motion For Summary Judgment in part dated March 1, 2021, document number 64.

Effective December 1, 2014, Part VIII of the Federal Rules of Bankruptcy Procedure governing bankruptcy appeals was substantially revised in order to align those rules with the Federal Rules of Appellate Procedure and updated to include electronic transmission, filing, and service.

This notice must be read together with the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Bankruptcy Procedure (FRBP), the Local Rules of the Eastern District of New York, and this Court's Local Rules and Procedures.

1.  **Service of Notice:** The appellant must provide the Clerk with the email address of each party to be served; to the extent that there are parties to the appeal who are not equipped to receive email noticification, the appellant must provide the Clerk with the address for all parties to be served.

2.  **Appellant's Designation:** Appellant's designation of record on appeal and statement of issues to be presented on appeal are due within fourteen (14) days from the date of the filing of the Notice of Appeal. The designation must include a list of items to be included in the record on appeal. A copy of the designation and statement shall be served by the appellant on the appellee. A certificate of service must be filed with the bankruptcy court as proof that proper service was made.

3.  **Appellee's Designation:** Within fourteen (14) days after service of the appellant's designation and statement, the appellee may file with the bankruptcy court and serve on the appellant a designation of additional items to be included in the record on appeal.

4.  **Transcripts:** If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, call one of the court approved transcription service agencies to request a copy of a transcript. The written request for the transcript shall be filed with the bankruptcy court. The party requesting the transcript is responsible for the cost of transcription. Designated transcripts must be provided to this office in PDF format.

5.  **ECF Registration (*Attorneys Only*):** Documents must be filed electronically relative to this matter, both in the Bankruptcy Court and, once the record has been transmitted, in the District Court. For information on ECF registration in the Bankruptcy Court, please visit: www.nyeb.uscourts.gov/electronic−filing−procedures; in the District Court, visit: https://www.nyed.uscourts.gov/cmecf.

6.  **Transmittal of Record on Appeal:** Generally the record on appeal will be transmitted thirty (30) days from the date of the filing with the Court of the Notice of Appeal.

Dated: March 8, 2021                                                     FOR THE COURT

                                                                         By: s/ S Dolan

                                                                         _____
                                                                         Deputy Clerk

**BLntcparap.jsp** [Notice to Parties 04/17/17]

# Notice Recipients

District/Off: 0207−8                User: admin                Date Created: 3/8/2021

Case: 8−20−08051−ast                Form ID: 773               Total: 3

**Recipients of Notice of Electronic Filing:**

aty        Ilan D Scharf         ischarf@pszyjw.com
aty        Jeffrey P Nolan       jnolan@pszjlaw.com
aty        Maryam N Hadden       maryam.hadden@parlatorelawgroup.com

                                                              TOTAL: 3

# United States Bankruptcy Court

Eastern District of New York
290 Federal Plaza
Central Islip, NY 11722

IN RE:                                                          CASE NO: 8−20−08051−ast

    Ehrenberg v. Elena Sartison et al

DEBTOR(s)

## TRANSMITTAL OF NOTICE OF APPEAL

**TO THE CLERK, U.S. DISTRICT COURT, EASTERN DISTRICT OF NEW YORK:**

A Notice of Appeal was filed on March 8, 2021, by 2 River Terrace Apartment 12J, LLC appealing 2 River Terrace Apartment 12J, LLC, document number 64.

Pursuant to Bankruptcy Rule 8003(d)(1), the following documents are being transmitted:

Appeal
Civil Cover Sheet
Affidavit of Service.

Dated: March 8, 2021                              Robert A. Gavin, Jr., Clerk of Court

By: s/ S Dolan

Deputy Clerk

**BLtroapap.jsp** [Transmittal of Notice of Appeal AP 04/17/17]

# Notice Recipients

District/Off: 0207−8                  User: admin                  Date Created: 3/8/2021

Case: 8−20−08051−ast                 Form ID: 776                 Total: 16

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
| | |
|---|---|
| dft | Elena Sartison |
| dft | 2 River Terrace Apartment 12J, LLC |
| dft | Clodagh Bowyer Greene a/k/a Clodagh Bowyer |
| dft | Elliott Greene |
| pla | Howard M. Ehrenberg |
| intp | Philip Thomas, Adam Greene and Robinson Brog Leinwand Greene Genovese & Gluck |

TOTAL: 6

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| aty | Albert Yukhanan Dayan | dayanlaw@aol.com |
| aty | Charles E Simpson | csimpson@windelsmarx.com |
| aty | Ilan D Scharf | ischarf@pszyjw.com |
| aty | J Ted Donovan | Tdonovan@gwfglaw.com |
| aty | Jeffrey P Nolan | jnolan@pszjlaw.com |
| aty | Laurence D Pittinsky | larry@rpllplaw.com |
| aty | Maryam N Hadden | maryam.hadden@parlatorelawgroup.com |

TOTAL: 7

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | |
|---|---|
| intp | Residential Board of Managers of Riverhouse One Rockefeller Park Condominium          c/o Douglas Elliman Property Management          675 Third Avenue          New York, NY 10017 |
| aty | Albert Y. Dayan          80−02 Kew Gardens Road          Suite 902          Kew Gardens, NY 11415 |
| ust | United States Trustee          Long Island Federal Courthouse          560 Federal Plaza − Room 560          Central Islip, NY 11722−4437 |

TOTAL: 3

**Susan Dolan**

| | |
|---|---|
| **From:** | NYEB_CIAppeals |
| **Sent:** | Wednesday, March 10, 2021 10:59 AM |
| **To:** | Alan Milot; Simon Marcus; Amy Tenneriello; Susan Dolan; NYEBmp_SupervisorsCI |
| **Subject:** | FW: Activity in Case 2:21-cv-01239-JMA 2 River Terrace Apartment 12J, LLC et al v. Ehrenberg et al Notice of Docketing of Bankruptcy Appeal |

From: ecf_bounces@nyed.uscourts.gov
Sent: Wednesday, March 10, 2021 3:58:18 PM (UTC+00:00) Monrovia, Reykjavik
To: nobody@nyed.uscourts.gov
Subject: Activity in Case 2:21-cv-01239-JMA 2 River Terrace Apartment 12J, LLC et al v. Ehrenberg et al Notice of Docketing of Bankruptcy Appeal

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

<div align="center">

**U.S. District Court**

**Eastern District of New York**

</div>

**Notice of Electronic Filing**

The following transaction was entered on 3/10/2021 at 10:58 AM EST and filed on 3/10/2021

| | |
|---|---|
| **Case Name:** | 2 River Terrace Apartment 12J, LLC et al v. Ehrenberg et al |
| **Case Number:** | [2:21-cv-01239-JMA](#) |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Notice that appeal from the Bankruptcy Court has been docketed. Parties shall file with the Bankruptcy Clerk their designations of items to be included in the record and statement of issues to be presented pursuant to Federal Rule of Bankruptcy Procedure 8009. USBC Case No. 8-20-08051-ast. (Flanagan, Doreen)**

**2:21-cv-01239-JMA Notice has been electronically mailed to:**

Charles E. Simpson     csimpson@windelsmarx.com

Ilan D. Scharf     ischarf@pszyjw.com

Joseph Ted Donovan     tdonovan@finkgold.com

Albert Y. Dayan     dayanlaw@aol.com

Maryam Hadden     Maryam.hadden@parlatorelawgroup.com

**2:21-cv-01239-JMA Notice will not be electronically mailed to:**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

2 RIVER TERRACE APARTMENT 12J, LLC,    :
    :
        Appellant,    :
    :   Dkt. No. 21-cv-01239(JMA)
v.    :
    :  **APPELLANT'S DESIGNATION**
HOWARD M. EHRENBERG IN HIS    :  **OF RECORD AND STATEMENT**
CAPACITY AS LIQUIDATING TRUSTEE    :  **OF ISSUES ON APPEAL FROM**
OF ORION HEALTHCORP, INC., et al.,    :  **BANKRUPTCY COURT**
    :
        Appellee.    :

---------------------------------------------------------------

## DESIGNATION OF RECORD

| Bankruptcy Docket No. | Date Entered in the Bankruptcy Docket | Description or Document or Transcript |
|---|---|---|
| 64 | 3/1/2021 | Order on Motion for Summary Judgment |
| 42 | 12/1/2020 | Motion for Summary Judgment |
| 43 | 12/1/2020 | Statement of Undisputed Facts |
| 44 | 12/1/2020 | Affidavit in Support |
| 45 | 12/1/2020 | Affidavit in Support |
| 46 | 12/1/2020 | Request for Separate Notice |
| 47 | 12/3/2020 | Amended Notice of Presentment of Order |
| 50 | 12/30/2020 | Memorandum of Law in Opposition |
| 51 | 12/30/2020 | Statement of Undisputed Facts |
| 52 | 1/6/2021 | Reply |
| 53 | 1/6/2021 | Affidavit in Support |
| 54 | 1/6/2021 | Affidavit in Support |
| 55 | 1/6/2021 | Statement of Undisputed Facts - Joint |
| 56 | 1/6/2021 | Motion to Strike |
| 58 | 1/8/2021 | Notice of Submission of Proposed Order |
|  | 1/21/2021 | Transcript of Hearing |
|  | 2/9/2021 | Transcript of Hearing/Decision |
| 1 | 3/14/2020 | Complaint |
| 41 | 11/24/2020 | Answer to Complaint |

## STATEMENT OF ISSUES

1.      Whether the Bankruptcy Court erred in relying upon a New York State statutory

presumption of insolvency in order to grant Appellee's summary judgment motion when the issue

of actual solvency was disputed by the parties.

2.      Whether the Bankruptcy Court abused its discretion by striking Appellant's

supporting materials rather than allowing Appellant a further opportunity to properly support

Appellant's assertions of fact when Appellant offered to do so pursuant to Fed. R. Civ. Pro. 56.


Dated:  New York, New York            By:     */s/Maryam N. Hadden*_____
        March 22, 2021                        Maryam N. Hadden, Esq.
                                              Parlatore Law Group, LLP
                                              One World Trade Center, Suite 8500
                                              New York, New York   10007
                                              Maryam.hadden@parlatorelawgroup.com
                                              (646)846-6382

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

2 RIVER TERRACE APARTMENT 12J, LLC,    :
                                       :
                    Appellant,         :
                                       :         Dkt. No. 21-cv-01239(JMA)
v.                                     :
                                       :         **APPELLANT'S DESIGNATION**
HOWARD M. EHRENBERG IN HIS             :         **OF RECORD AND STATEMENT**
CAPACITY AS LIQUIDATING TRUSTEE        :         **OF ISSUES ON APPEAL FROM**
OF ORION HEALTHCORP, INC., et al.,     :         **BANKRUPTCY COURT**
                                       :
                    Appellee.          :
---------------------------------------------------------------

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 22, 2021, a copy of Appellant's Designation of

Record and Statement of Issues on Appeal from Bankruptcy Court, was served by depositing same,

enclosed in a properly addressed postage-paid envelope, in an official depository under the

exclusive care and custody of the United States Postal Service within the State of New York, upon:

Ilan D. Scharf                          Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones, LLP      Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 34th Floor            10100 Santa Monica Boulevard, 13th Floor
New York, NY 10017                      Los Angeles, CA 90067


J. Ted Donovan                          Albert Y. Dayan
Goldberg Weprin Finkel Goldstein LLP    80-02 Kew Gardens Road, Suite 902
1501 Broadway                           Kew Gardens, NY 11415
New York, NY 10036


Dated:  New York, New York       By:    */s/Maryam N. Hadden*
        March 22, 2021                  Maryam N. Hadden, Esq.
                                        Parlatore Law Group, LLP
                                        One World Trade Center, Suite 8500
                                        New York, New York   10007
                                        Maryam.hadden@parlatorelawgroup.com
                                        (646)846-6382

1573

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------

|  |  |
|---|---|
| In re: | : Chapter 11 |
| | : |
| ORION HEALTHCORP, INC[1]. | : Case No. 18-71748 (AST) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------

|  |  |
|---|---|
| HOWARD M. EHRENBERG IN HIS | : |
| CAPACITY AS LIQUIDATING TRUSTEE OF | : Adv. Pro. No. 20-08051 (AST) |
| ORION HEALTHCORP, INC., ET AL., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ELENA SARTISON; 2 RIVER TERRACE | : |
| APARTMENT 12J, LLC; CLODAGH BOWYER | : |
| GREENE A/K/A CLODAGH BOWYER; | : |
| ELLIOTT GREENE, | : |
| | : |
| Defendants. | : |

------------------------------------------

### APPELLEE, HOWARD M. EHRENBERG'S COUNTER-DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN RECORD & ISSUES ON APPEAL

Pursuant to Federal Rule of Bankruptcy Procedure 800(a)(2), Appellee Howard M.

Ehrenberg, hereby makes the following Counter-Designation of Issues On Appeal and Counter-

Designation of additional items to be included in the record on appeal in addition to the

Designation Of Record filed by Appellant [Dkt. No. 75] in connection with the *Notice of Appeal*

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

filed by 2 River Terrace Apartment 12J, LLC ("Appellant") in this case on March 22, 2021 [Dkt. No. 69]:

I.    **Counter; Additional Issues on Appeal**:

Is The Judgment Granting Plaintiff's Motion For Summary Judgment, In Part, as Against Defendant 2 River Terrace, Apt. 12 J, LLC a Final Appealable Order?

II.    **Supplemental Designation of Record**:

| | Filing Date | Case No./ Docket No. | Item. |
|---|---|---|---|
| 1. | 09/30/2020 | 21 | Notice Of Presentment Of Motion For Entry Of Default And For Entry Of Default Judgment Against Defendant 2 River Terrace Apartment 12J, LLC |
| 2. | 09/30/2020 | 22 | Request For Judicial Notice In Support Of Motion For Entry Of Default And For Entry Of Default Judgment Against Defendant 2 River Terrace Apartment 12J, LLC |
| 3. | 10/02/2020 | 23 | Certificate of Service filed by Jeffrey Nolan on behalf of Howard Ehrenberg .re Notice and Motion for Entry of Default and For Entry of Default Judgment Against Defendant 2 River Terrace Apartment 12J, LLC; and Request for Judicial Notice in Support of Motion for Entry of Default and For Entry of Default Judgment Against Defendant 2 River Terrace Apartment 12J, LLC |
| 4. | 10/02/2020 | 24 | Affidavit of Service – Secretary of State service of Notice Of Presentment Of Motion For Entry Of Default And For Entry Of Default Judgment Against Defendant 2 River Terrace Apartment 12J, LLC |
| 5. | 10/25/2020 | 25 | Notice Of Appearance And Demand For  Service Of Papers For The Residential Board Of |

DOCS_LA:337065.2 65004/003

| | Filing Date | Case No./ Docket No. | Item. |
|---|---|---|---|
| | | | Managers Of Riverhouse One Rockefeller Park Condominium |
| 6. | 10/26/2020 | 31 | Objection To Motion For Entry Of Default Judgment Against Defendant 2 River Terrace Apartment 12J, LLC |
| 7. | 11/03/2020 | 32 | Reply In Support Of Plaintiff's Motion For Default Judgment Against Defendant, 2 River Terrace Apartment 12J, LLC |
| 8. | 11/03/2020 | 33 | Affidavit Of Jeffrey P. Nolan In Support Of Reply Of Plaintiff's Motion For Default Judgment Against 2 River Terrace Apartment 12J, LLC |
| 9. | 11/03/2020 | 34 | Affidavit Of La Asia S. Canty In Support Of Reply Of Plaintiffs' Motion For Default Judgment Against 2 River Terrace Apartment 12J, LLC |
| 10. | 11/03/2020 | 35 | Certificate Of Service filed by Jeffrey Nolan on behalf of Howard M. Ehrenberg re Plaintiff's Reply in Support of Plaintiff's Motion for Default Judgment Against Defendant 2 River Terrace Apartment 12J, LLC; Affidavit of Jeffrey P. Nolan in Support of Reply of Plaintiff's Motion for Default Judgment Against Defendant 2 River Terrace Apartment 12J, LLC; and Affidavit of La Asia S. Canty in Support of Reply of Plaintiff's Motion for Default Judgment Against Defendant 2 River Terrace Apartment 12J, LLC |
| 11. | 11/09/2020 | 36 | Order And Notice Of Hearing |
| 12. | 11/16/2020 | 37 | Order Denying Motion For Entry Of Default And For Entry Of Default Judgment Against Defendant 2 River Terrace Apartment 12J, LLC |
| 13. | 01/07/2021 | 57 | Certificate of Service filed by Jeffrey Nolan on behalf of Howard M. Ehrenberg re Reply filed by |

| | Filing Date | Case No./ Docket No. | Item. |
|---|---|---|---|
| | | | Plaintiff Howard M. Ehrenberg; Affidavit in Support filed by Howard M. Ehrenberg; Affidavit in Support filed by Howard M. Ehrenberg; Statement of Undisputed Facts filed by Plaintiff Howard M. Ehrenberg; Motion to Strike filed by Plaintiff Howard M. Ehrenberg |
| 14. | 01/25/2021 | 60 | Notice of Hearing To Issue Ruling On Plaintiff's Motion For Summary Judgment Or In The Alternative Summary Adjudication Against Defendant 2 River Terrace Apartment 12J, LLC. |
| 15. | 02/17/2021 | 62 | Notice of Submission of Proposed Order Filed by Howard M. Ehrenberg |
| 16. | 02/23/2021 | 63 | Letter re: Proposed Judgment Filed by Jeffrey P. Nolan on behalf of Howard M. Ehrenberg |

Dated:  New York, New York
      April 5, 2021

                    */s/ Jeffrey P. Nolan*
                    Ilan D. Scharf, Esq.
                    Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
                    PACHULSKI STANG ZIEHL & JONES LLP
                    780 Third Avenue, 34th Floor
                    New York, New York 10017
                    Telephone:    (212) 561-7700
                    Facsimile:    (212) 561-7777

                    Counsel for the Appellee/Plaintiff
                    Howard M. Ehrenberg in his capacity as
                    Liquidating Trustee of Orion Healthcorp, Inc., *et al*.

DOCS_LA:337065.2 65004/003

1577

<u>**CERTIFICATE OF SERVICE**</u>

STATE OF NEW JERSEY  )
          )  ss.:
COUNTY OF SOMERSET  )

   I, La Asia S. Canty, am over the age of eighteen years, and am employed by Pachulski

Stang Ziehl & Jones LLP.  I am not a party to the within action; my business address is 780

Third Avenue, 34th Floor, New York, New York 10017-2024.

   On April 5, 2021, I caused a true and correct copy of the following document to be

served via electronic mail and First Class US Mail upon the parties set forth on the service list

annexed hereto as **Exhibit 1**:

   ➢ *Howard M. Ehrenberg's Counter-Designation Of Items To Be Included In Record*

             */s/ La Asia S. Canty*
             La Asia S. Canty

DOCS_LA:337065.2 65004/003

1578

## **EXHIBIT 1**

Maryam N. Hadden, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, NY 10007
Email: Maryam.hadden@parlatorelawgroup.com

*Attorney for Defendant 2 River Terrace*

Laurence D. Pittinsky, Esq.
Rosenberg & Pittinsky, LLP
232 Madison Avenue, Suite 906
New York, New York 10016
Email: larry@rpllplaw.com

*Counsel to Residential Board of Managers of the
Riverhouse on Rockefeller*

Albert Y. Dayan, Esq.
80-02 Kew Gardens Road
Suite 902
Kew Gardens, NY 11415
Email: dayanlaw@aol.com

*Attorney at Defendant Elena Sartison*

Kevin J. Nash, Esq.
J Ted Donovan, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036
Email: knash@gwflaw.com
         Tdonovan@gwflaw.com
         jstrauss@gwflaw.com

*Attorneys for Defendants Clodagh Bowyer
Greene and Elliott Greene*