```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
2 RIVER TERRACE APARTMENT 12J      :
LLC,                               :    Case No. 21-cv-01239-JMA
                Appellant,         :
                                   :
     v.                            :
                                   :    REPLY TO STAY OPPOSITION
                                   :
HOWARD M. EHRENBERG IN HIS         :
CAPACITY AS LIQUIDATING            :
TRUSTEE OF ORION HEALTHCORP.,      :
INC. et. al.                       :
                                   :
                Appellee.          :
-------------------------------------------------------
```

Appellee's Opposition to Appellant's Motion for a Stay relies heavily upon the existence of the Residential Board's judgment and its effect upon the value of Apartment 12J. This reliance, however, overlooks a key factor – the undeniable fact that the facts and circumstances surrounding the judgment were never fully briefed or litigated before the Bankruptcy Court (or, indeed, before this Court) as the judgment was obtained years after the transaction underlying the Bankruptcy Adversary Proceeding filed by Appellee in the Court below. Thus, it should not properly form the basis of this Court's decision on the Stay application.

**THE EXISTENCE OF THE STATE COURT JUDGMENT IS NOT EVIDENCE OF THE INTEREST IN OR USE OF THE APARTMENT BY APPELLANT**

Both Appellee and, to a certain extent, the Bankruptcy Court have made

repeated reference throughout the course of these proceedings, particularly in opposing Appellant's efforts to obtain a Stay, to the judgment obtained against Appellant by the Residential Board[1] of the 2 River Terrace condominium. The Summary Judgment Order which Appellant seeks to stay arose from a Bankruptcy Court Adversary Proceeding filed by Appellee against Appellant 2 River Terrace Apartment 12J, LLC, and three other parties who were not involved in the Summary Judgment proceedings. The Adversary Complaint sought, in relevant part, to claw back as a fraudulent transfer the ownership of Apartment 12J from Appellant. Appellee relied in that Complaint on several New York State statutes setting forth various theories of fraudulent conveyance. Each of these statutory theories required an analysis that focused on the time of the transfer, which took place in late 2015 and early in 2016; accordingly, it was primarily this period of time that was briefed and argued by the parties in connection with the Summary Judgment motion and subsequent Order.[2]

On September 20, 2019, the Residential Board of Managers of Riverhouse One Rockefeller Park obtained a default judgment in New York State Supreme Court

---

[1] The Residential Board, while not a party to any of the proceedings below, has noted its position as an Interested Party and has appeared regularly at the Bankruptcy Court proceedings. As a result, it has made a record of its position regarding Apartment 12J before that Court in addition to the allegations of Appellee.

[2] Appellant did make reference in its papers to events taking place after February of 2016, but only in light of the issue of the Debtors' solvency or lack thereof following the transfer.

under Index No. 150269/2019 against 2 River Terrace Apartment 12J, LLC. The facts underlying that judgment were not part of the record of the adversary proceedings in the Bankruptcy Court below nor, other than by very general reference, were the facts surrounding Appellant's position regarding the judgment. Indeed, as the Summary Judgment motion was focused on events occurring years earlier and as it took place prior to the commencement of the discovery process, it is unsurprising that these facts remained substantially undeveloped.

Appellee, however, has now argued to both the Bankruptcy Court and to this Court that the existence of the judgment is evidence of Appellant's lack of interest in the apartment and, therefore, that Appellant is unable to establish either the first or fourth factors under consideration by this Court in determining whether or not to grant a stay. Hon. Alan S. Trust, in making his June 16, 2021, ruling denying a stay and granting the Trustee's Motion to Sell, also adopted this position. However, this position ignores both the lack of adequate discovery and briefing and the complex web of litigation surrounding not only Apartment 12J, but Appellant's manager as well.

Appellant's Stay application noted that Apartment 12J has been the subject of multiple different legal actions, including not merely the Bankruptcy Court adversary proceeding but also an *in rem* proceeding in New Jersey District Court; potential forfeiture in a criminal case ongoing in New Jersey District Court; the New

York state proceeding that led to the Board's judgment; and a proceeding filed in New York State Supreme Court by Appellant. Since 2018, Appellant's manager, Paul Parmar, has been involved in each of these litigations on the LLC's behalf as well as in additional proceedings on his own behalf or on behalf of other corporate entities in which he holds or held an interest, including a RICO case brought in New Jersey District Court by other corporate entities; the aforementioned criminal case; a civil proceeding brought in New Jersey District Court by the United States Securities and Exchange Commission; a separate bankruptcy adversary proceeding; a Delaware Chancery Court case; and litigation in New Jersey state courts.[3] The criminal case in particular has had an impact on all of the other proceedings, both due to multiple categories of assets being attached or frozen by the Government and due to the ongoing and paramount necessity of ensuring that Mr. Parmar's constitutional rights are not impacted by the civil cases. In light of this legally complex background, it is an oversimplification to say that the existence of the Residential Board's judgment constitutes evidence of Appellant's position regarding the value of Apartment 12J. Indeed, Appellant has what it believed to be valid grounds for its actions in the New York State Supreme Court; actions which have not been properly briefed in either the Bankruptcy Court or this Court, as they were

---

[3] Some of these other legal proceedings have since been concluded, while the remainder are ongoing. Many of them involve related facts.

not at issue in the underlying proceedings and, thus, should not be considered by this Court in its evaluation of the four factors involved in evaluating whether the granting of a stay is an appropriate use of the Court's authority.

**CONCLUSION**

For all the reasons stated herein and in Appellant's initial motion papers, Appellant respectfully requests that this Court issue an Order continuing its Stay past June 28, 2021 for the duration of Appellant's Appeal, setting a reasonable bond, and for such other and further relief as this Court deems appropriate.

Dated: June 27, 2021
New York, New York

Respectfully submitted,

_*/s/Maryam N. Hadden*___________

Maryam N. Hadden, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, New York 10007
(646)846-6382
Maryam.hadden@parlatorelawgroup.com

*Attorney for Appellant, 2 River Terrace Apartment 12J, LLC*