| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>2 RIVER TERRACE APARTMENT 12J, LLC,<br><br>                       Appellant,<br><br>       v.<br><br>HOWARD M. EHRENBERG,<br>*in his capacity as Liquidating Trustee of*<br>*Orion Healthcorp, Inc., et al,*<br><br>                       Appellee.<br>-----------------------------------------------------------x | For Online Publication Only<br><br><br><br><br><br><br>**ORDER**<br>21-CV-1239 (JMA) |

**AZRACK, United States District Judge:**

The Court denies Appellant's motion for a stay pending appeal. In considering a request for a stay pending appeal of a bankruptcy court order, district courts apply the following four-factor test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." In re Platinum Partners Value Arbitrage Fund L.P., No. 18-CV-5176, 2018 WL 3207119, at *3 (S.D.N.Y. June 29, 2018) (quoting Nken v. Holder, 556 U.S. 418, 426 (2009) and citing In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007)). "The Second Circuit has held that these criteria should be applied 'somewhat like a sliding scale . . . more of one excuses less of the other.'" Id. (quoting Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006) (citation omitted). "The burden of establishing entitlement to a stay rests with the appellant." Id.

In denying the motion, the Court adopts Judge Trust's analysis of these four factors and his rationale for denying the stay motion that was filed before him. (See June 16, 2021 Tr.) The Court

briefly adds the following additional points, which further support denial of Appellant's motion for a stay filed with this Court.

Appellant has not established irreparable harm and even assuming arguendo that the sale of the Apartment would constitute irreparable harm, a stay here would result in the Appellee facing substantial injury given the prospect that, during the pendency of the appeal, a sheriff's sale will be held to satisfy the Board's outstanding judgment. (See June 16. 2021 Tr. at 55–56, 86.) Moreover, as explained further below, Appellant has not established even a substantial possibility of succeeding on appeal.[1] Under all the circumstances here, the Court finds that a stay is not warranted.

Appellant concedes that Judge Trust's grant of Appellee's motion to strike is reviewed for abuse of discretion. There is not a substantial possibility that Judge Trust erred or abused his discretion in: (1) requiring Appellant to present admissible evidence in opposing summary judgment; (2) denying Appellant's request, raised during oral argument, for relief under Federal Rule Civil Procedure 56(e); and (3) granting Appellee's motion to strike and deciding the summary judgment motion based on the remaining record before him. The points set out below confirm that there is a not a substantial possibility that Judge Trust will be found to have erred or abused his discretion.

In opposing Appellee's summary judgment motion below, Appellant did not file an affidavit or declaration under Federal Rule of Civil Procedure 56(d) asking Judge Trust to deny

---

[1] The Court assumes arguendo that this factor would be a satisfied by a showing that Appellant has a substantial possibility of prevailing on appeal.

2

(or defer ruling on) the motion in order to allow Appellant to take discovery. In fact, Appellant's opposition papers never even mention discovery.[2]

On January 6, 2021, Appellee filed, in conjunction with his reply brief, his motion to strike the exhibits attached to Appellant's opposition. Appellant never filed a written response to this motion.

On January 21, 2021, Judge Trust held argument on the pending motions and raised, with Appellant, the absence of any admissible evidence in its summary judgment papers. In response, Appellant explained why Mr. Parmar did not submit an affidavit given his pending criminal case and Appellant generally asked Judge Trust for relief under Federal Rule of Civil Procedure 56(e).[3] (See Jan. 21, 2021 Tr. at 45–48.) The only specific exhibit that Appellant addressed during argument was the redacted bank statements Appellant had submitted. Appellant indicated that it could submit unredacted copies of these statements to Judge Trust. Appellant also indicated that

---

[2] Appellant's opposition brief below asked Judge Trust to deny the motion pursuant to "Rule 56(d)" because "Plaintiff's allegations and Defendant's responses raise some questions which clearly illustrate the presence of genuine issues of material fact." (Mem. in Supp. of Defendant 2 River Terrace Apartment 12j LLC's Oppos. to Mot. for Summ. J. at 14.) While Appellant's opposition brief cited Rule 56(d) in this one paragraph, the actual argument advanced in the brief did not concern the substance of Rule 56(d) as Appellant's brief never explained why "it cannot present facts essential to justify its opposition." Fed. R. Civ. Pro. 56(d). Rather, Appellant argued that the record established the existence of "genuine issues of material fact."

[3] Federal Rule of Civil Procedure 56(e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. Pro. 56(e) (emphasis added).

3

it might possess a certification from the bank for those records and noted that if it did not possess that certification, it would need "an opportunity to get . . . discovery from Chase as to that." (Jan. 21, 2021 Tr. at 45–46; see also id. at 48 ("As to items such as bank statements, I would be able to provide certified copies for the Court. It may just require a . . . brief amount of time in order to do that.").) At the argument, Appellant did not offer potential solutions concerning the admissibility of the other exhibits at issue and did not even mention the issue of discovery in connection with the other defense exhibits.[4]

At the conclusion of the January 21, 2021 argument, Judge Trust scheduled a ruling conference for February 9, 2021. The record does not indicate that Appellant submitted anything further to Judge Trust, such as unredacted copies of the bank statements or certifications for the bank records. On February 9, 2021, Judge Trust granted the motion to strike and the motion for summary judgment.

The points set out above confirm that there is not a substantial possibility that Judge Trust erred or abused his discretion in granting Appellee's motion to strike and deciding the summary judgment motion based on the remaining record before him. And, given the factual record that remained before Judge Trust, Appellant does not have a substantial possibility of establishing, under de novo review, that Judge Trust erred in granting summary judgment to Appellant on the two alternative grounds set out in his oral ruling. (See Feb. 9, 2021 Tr. at 12–20 (granting summary judgment under both N.Y. D.C.L. § 273 and § 273-a.)

---

[4] Appellant's appellate brief is similarly deficient in failing to address the admissibility of any of the specific defense exhibits other than the bank statements. In a footnote, Appellant's brief asserts, in conclusory fashion, that "[s]everal of the [defense] Exhibits . . . had alternative modes of curing any defect – for example, submitting certified copies of the bank statements – which Appellant offered to undertake at the Court's request." (Appellant's Opening Br. at 39 n. 18.) Appellant's brief, however, does not identify any of these other "alternative modes." Moreover, Appellant waived any arguments on this issue by failing to identify any of these "alternative modes" below.

Finally, the Court notes that even assuming <u>arguendo</u> Appellant could have established a basis to admit the bank statements—unredacted copies of which were never provided to Judge Trust—there is not a substantial possibility that those records would have been sufficient to rebut the presumption of insolvency for the claim under N.Y. D.C.L. § 273. Evidence that the debtors had a positive cash flow in one of their bank accounts in the months immediately following the purchase of Apartment 12J is insufficient proof of solvency to rebut the presumption of insolvency. None of the cases cited by Appellant indicate that such meager proof, which says nothing about the debtors' liabilities, is sufficient to rebut the presumption of insolvency that was triggered here.

For the reasons set forth above, Appellant's motion for a stay pending appeal is denied.

**SO ORDERED.**

Dated: June 28, 2021
Central Islip, New York

                                                                 /s/ (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE