

**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

**SAN FRANCISCO**
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

**NEW YORK**
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777

Giants
Jeffrey P. Nolan

September 8, 2021

jnolan@pszjlaw.com

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:   **In re: Orion HealthCorp, Inc., *et al.*
2 River Terrace Apartment 12J, LLC v.
Ehrenberg, Case No. 2:21-cv-01239-JMA**

Dear Judge Azrack:

We are counsel for Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.* (the "Appellee") in the above referenced appeal.

This is an appeal by Defendant *2 River Terrace Apartment 12J, LLC* ("Appellant") from a judgment of the United States Bankruptcy Court, Eastern District of New York, (the "Court") avoiding the transfer of title of a residential condominium unit located at 2 River Terrace Apartment 12J, New York, N.Y, ("Condominium Unit") to Appellant (the "Transfer") which was acquired utilizing $5,603,408.81, diverted from the bank account of Debtor, Constellation Healthcare Technologies, Inc. ("CHT"). Appellant, a single asset corporation bearing the name of the address of the Condominium Unit, was formed on the day of the Transfer to receive the Condominium Unit. The appeal contended there were a number of errors made in granting the summary judgment motion "to improperly deprive Appellant, 2 River Terrace Apartment 12J, LLC of the ownership of its sole asset". (Reply Brief of Appellant, D.I. 15, pg. 3)

On June 25, 2021, the Court entered its *Order Granting Liquidating Trustee's (I) Motion For Entry Of An Order Authorizing The Sale Of Apartment 12J Located At 2 River Terrace, New York, N.Y., Free And Clear Of Liens, Claims, And Encumbrances And (II) Application For Entry Of An Order Authorizing And Approving Payment To The Residential Board And Of Sales Commission Upon*

DOCS_LA:339705.2 65004/003



September 8, 2021
Page 2

*Closing* (the "Sale Order"). [Bankr. D.I. 975] There was no appeal or stay of the Sale Order.

      The Sale was consummated on August 26, 2021, at which time title to the Condominium Unit passed to the new buyer on the terms set forth and approved by the Bankruptcy Court including the satisfaction of numerous liens levied upon the Condominium Unit. It is well established that an appeal is rendered moot if the appellate court is unable to grant any effective relief. *In re Baker, 339 B.R. 298, 302 (E.D.N.Y. 2005) citing to U.S. v. Salerno, 932 F.2d 117, 123 (2d Cir. 1991); Mills v. Green, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895).* In the present case, the appeal seeks to reverse the transfer of the Condominium Unit to a good faith purchaser who is entitled to rely on the finality of a bankruptcy court order and which renders moot any relief sought in the appeal. *United States v. Salerno,* 932 F.2d 117,123 (2nd Cir. 1991)*; In re Gucci*, 105 F.3d 837, 840 (2nd Cir. 1997).

      Appellee requests permission to file a Motion to Dismiss the Appeal.

                              Respectfully submitted,

                              */s/ Jeffrey P. Nolan*

                              Jeffrey P. Nolan

JPN:rlm

cc:  Maryam Hadden, Esq. (Via email)
     (Counsel for Appellant)