| UNITED STATES DISTRICT COURT | For Online Publication Only |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------x
2 RIVER TERRACE APARTMENT 12J, LLC,

                Appellant,

     v.
                                    **ORDER**
                                    21-CV-1239 (JMA)

HOWARD M. EHRENBERG,
*in his capacity as Liquidating Trustee of*
*Orion Healthcorp, Inc., et al*,

                Appellee.
-----------------------------------------------------------x

**AZRACK, United States District Judge:**

      The Court assumes the parties' familiarity with the record below and the Court's June 28, 2021 Order ("June Order"), which denied a motion for a stay pending the resolution of this appeal filed by Appellant 2 River Terrace Apartment 12j LLC ("Appellant"). After the Court's June Order, Appellee Howard M. Ehrenberg, the Liquidating Trustee of Orion HealthCorp., Inc. ("Appellee" or "the Trustee") filed a motion to dismiss, arguing that this appeal is constitutionally and equitably moot.

      As explained below, the Court grants the motion to dismiss because this appeal is equitably moot. And, even assuming <u>arguendo</u> that appeal were not equitably moot, the Court also affirms, on the merits, Judge Trust's rulings below and his March 1, 2021 Order.

**A. Motion to Dismiss**

      The Trustee asserts that Appellant is precluded by Section 363(m) of the Bankruptcy Code from reversing the sale of Apartment 12J (the "Property"), which occurred on August 26, 2021. Appellant does not dispute that Section 363(m) precludes him from reversing the sale of the Property to the third-party purchaser.

The Trustee further asserts that the remainder of this appeal is equitably moot because, after the sale, the proceeds of the sale were distributed to secured creditors of the bankruptcy estate pursuant to the Third Amended Joint Plan of Liquidation (the "Plan") and the Bankruptcy Courts' orders.

Appellant initially argues that the Trustee should be estopped from asserting mootness. Appellant claims that the Trustee "essentially reversed the position that he argued both below and before this Court; that the apartment lacked unique characteristics or value and that its loss, far from causing irreparable harm to the Appellant, was actually solely the result of Appellant's conduct." (ECF No. 22 at 7.) Appellant's estoppel argument fails. Appellant's motion for a stay asserted that Appellant would be irreparably harmed if the apartment were sold before the appeal was decided. The Trustee disputed that argument and also asserted that a failure to permit the sale to proceed would harm other parties, including creditors and the condo board, because, inter alia, a sheriff's sale by the condo board could result in a much-diminished return on the property. In opposing the motion to stay, the Trustee never took a contrary position concerning the disposition of the sale proceeds during the appeal. In fact, the Trustee's papers explicitly noted that imposition of a stay would cause it harm because "[t]he Liquidating Trust will continue to incur interest charges on money owed to secured creditors that would otherwise be reduced because the Liquidating Trustee would use proceeds of the sale to pay down that obligation." (ECF No. 12 at 5; see also id. at 12.) The Trustee never argued that, even if the stay were denied, that the appeal would not become moot. In fact, that Trustee even noted that "[w]hile an appeal becoming moot absent a stay can establish" irreparable injury, even in such circumstances, a stay should be denied when other factors, including likelihood of success, weigh against an appellant. (ECF No. 12 at 13.) As the Trustee never took a contrary position in his papers opposing the motion for a stay,

2

estoppel does not apply here. Accordingly, the Court turns to the merits of the equitable mootness issue.

"Equitable mootness is a 'pragmatic' doctrine, one that is 'grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable.'" In re BGI, Inc., 772 F.3d 102, 107–08 (2d Cir. 2014) (quoting Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.), 416 F.3d 136, 144 (2d Cir. 2005)). Where a liquidation or reorganization plan has been "substantially consummated," a presumption of equitable mootness applies. Id.; see 11 U.S.C. § 1101(2) (defining "[s]ubstantial consummation," under Chapter 11 as requiring "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan"; and, "(C) commencement of distribution under the plan.").

The presumption can be overcome where an appellant establishes the existence of five factors.[1] In re BGI, Inc., 772 F.3d at 108. The appellant bears the "burden" of establishing these factors. See id. at 110 n. 15.

---

[1] As set out in In re BGI, Inc., 772 F.3d at 108, these five factors are:

    [1] the court can still order some effective relief;

    [2] such relief will not affect the re-emergence of the debtor as a revitalized corporate entity;

    [3] such relief will not unravel intricate transactions so as to knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court;

    [4] the parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings; and

    [5] the appellant pursued with diligence all available remedies to obtain a stay of execution of the objectionable order[,] if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.

The Court finds that the Trustee has established that the presumption of equitable mootness applies. Appellant, however, never addresses the doctrine of equitable mootness. Appellant does not cite a single case involving equitable mootness and the term is found nowhere in Appellant's opposition brief. By not addressing equitable mootness, Appellant has waived any challenges to the application of equitable mootness here and has certainly failed to meet his burden to overcome the presumption of equitable mootness

To the extent that Appellant references any potentially relevant facts in its brief, Appellant points to the fact that it sought a stay pending appeal. However, Appellant's motion for a stay pending appeal only addressed the pending sale and argued that that if the sale occurred Appellant would be injured because the property was unique and the sale could not be reversed on appeal. Appellant's motion for a stay never addressed the distribution of the sale proceeds and never sought to stay the distribution of the sale proceeds or argued that the Court should stay distribution of those proceeds in order to ensure that the appeal did not become moot.

Additionally, Appellant never addresses the fact that the proceeds of the sale have already been distributed to the secured creditors—a key point stressed in the Trustee's papers. Nor does Appellant identify what he relief he now seeks given that the proceeds have been distributed.

Given all the circumstances, the Court finds that this appeal is equitably moot. See In re Bardos, No. BAP CC-13-1316, 2014 WL 3703923, at *9 (B.A.P. 9th Cir. July 25, 2014) (finding appeal concerning sale of property and distribution of the sale proceeds to be equitably moot because "unwinding the sale and distribution of the sale proceeds would be complex, impractical, and would potentially prejudice the rights of third parties" and noting that "proceedings by the bankruptcy court to compel the several creditors who have received full payment of their claims to return approximately $620,000 to the estate may be problematic, lengthy and expensive").

B. **The Merits of the Appeal**

Even assuming <u>arguendo</u> that this appeal is not barred by the doctrine of equitable mootness, Appellant's appeal also fails on the merits. In denying the motion for a stay pending appeal, the Court explained that Appellant failed to establish a probability of success for the reasons set out in both Judge Trust's ruling and the additional reasons set out in the Court's June Order. For all of those same reasons, the Court denies Appellants' appeal on the merits and affirms Judge Trust's ruling below.

Appellant concedes that Judge Trust's grant of Appellee's motion to strike is reviewed for abuse of discretion. Judge Trust did not err or abuse his discretion in: (1) requiring Appellant to present admissible evidence in opposing summary judgment; (2) denying Appellant's request, raised during oral argument, for relief under Federal Rule Civil Procedure 56(e); and (3) granting Appellee's motion to strike and deciding the summary judgment motion based on the remaining record before him.

The Court has also considered, under <u>de novo</u> review, whether Judge Trust erred in granting summary judgment based on the remaining factual record. The Court agrees with Judge Trust's determination to grant summary judgment to the Trustee on the two alternative grounds set out in his oral ruling. (<u>See</u> Feb. 9, 2021 Tr. at 12–20 (granting summary judgment under both N.Y. D.C.L. § 273 and § 273-a.)).

## C. Conclusion

For the reasons stated above, the Court grants the Trustee's motion to dismiss and also affirms, on the merits, Judge Trust's ruling granting the Trustee's motion to strike and granting the Trustee's motion for summary judgment and his March 1, 2021 Order.

The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

Dated: March 31, 2022
Central Islip, New York

                                                                                                                                                                    /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE